STANDARD BOILER & PLATE IRON CO. v. McWEENY.

(Circuit Court of Appeals, Sixth Circuit. November 13, 1914.)

No. 2632.

MASTER AND SERVANT (§ 116*)—APPLIANCES USED IN BUILDING OPERATIONS—CONSTRUCTION OF STATUTE—"STRUCTURE."

Gen. Code Ohio, § 12593, which provides that whoever, employing another to labor "in erecting, repairing, altering or painting a house, building or other structure, knowingly or negligently furnishes, erects or causes to be furnished for erection * * * unsuitable or improper scaffolding, hoists, stays, ladders or other mechanical contrivances which will not give proper protection to the life and limb of a person so employed," shall be subject to a fine, is broad enough to apply to any "structure" in the erection of which it is necessary to use scaffolding, hoists, etc., and

includes within its scope an iron tank, in erecting which a derrick was used to hoist the plates into position.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 207; Dec. Dig. § 116.*

For other definitions, see Words and Phrases, First and Second Series, Structure.]

In Error to the District Court of the United States for the Northern District of Ohio; William R. Day, Judge.

Action at law by John J. McWeeny against the Standard Boiler & Plate Iron Company. Judgment (210 Fed. 507) for plaintiff, and defendant brings error. Affirmed.

Charles Fillius, of Warren, Ohio, for plaintiff in error.

R. B. Newcomb and H. F. Payer, both of Cleveland, Ohio, for defendant in error.

Before WARRINGTON, KNAPPEN, and DENISON, Circuit Judges.

PER CURIAM. McWeeny recovered verdict and judgment for damages on account of personal injuries suffered while he was employed by the Standard Company. The substantial question in dispute was whether, inasmuch as defendant below had brought itself within the Ohio Workmen's Compensation Act, then in force (the essential parts of which are given in the margin),[1] the action could be maintained at all; and this in turn, under the provisions of section 21–2, depended upon whether the injury either had arisen from the willful act of defendant's foreman or was the result of a negligent violation of section 12593 of the Ohio General Code (which is also given in the margin).[2]

[1] Sec. 21–2. But where a personal injury is suffered by an employé, or when death results to an employé from personal injuries while in the employ of an employer in the course of employment, and such employer has paid into the state insurance fund the premium provided for in this act, and in case such injury has arisen from the willful act of such employer or any of such employer's officers or agents, or from the failure of such employer, or any of such employer's officers or agents, to comply with any municipal ordinance or lawful order of any duly authorized officer, or any statute for the protection of the life or safety of employés, then in such event, nothing in this act contained shall affect the civil liability of such employer, but such injured employé, or his legal representative in case death results from the injury, may, at his option, either claim compensation under this act or institute proceedings in the courts for his damage on account of such injury; and such employer shall not be liable for any injury to any employé, or to his legal representative in case death results, except as provided in this act. 102 Ohio Laws, 529.

[2] Sec. 12593. Whoever, employing or directing another to do or perform labor in erecting, repairing, altering or painting a house, building or other structure, knowingly or negligently furnishes, erects or causes to be furnished for erection for and in the performance of said labor unsuitable or improper scaffolding, hoists, stays, ladders or other mechanical contrivances which will not give proper protection to the life and limb of a person so employed or engaged, shall be fined not more than five hundred dollars or imprisoned not more than three months, or both.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Defendant was engaged in erecting, for use in connection with a manufacturing plant, an iron tank, intended to be used for storing chemicals. It was cylindrical in shape, 30 feet in diameter, and built of iron plates riveted together. At the time of the injury two complete circular tiers or courses had been erected, and the plates of the third tier were being elevated and put in position. Each tier was 8 feet high. In the interior, and at the top level of the second tier, was a scaffold upon which a derrick was erected, and by the aid of this derrick and its swinging arm the plates, each of which weighed about 2,000 pounds, were being elevated and carried to position. It was plaintiff's theory that this derrick was negligently permitted to become and continue out of order, so that it was dangerously unsafe, and that it was this negligence which led to the falling of the derrick and the ensuing injury to plaintiff.

It is not denied by defendant that section 12593 is a statute intended for the protection of life and limb of employés; but it is contended that the tank in process of erection, while clearly a "structure" in the broad sense, was not such a structure as is contemplated by this section, and, accordingly, that its violation did not bring the case within the exception to the Workmen's Compensation Act. This contention is based upon the rule of ejusdem generis, and with special reference to the fact that in the General Code, as enacted in 1910, this section is associated with several others and grouped under the head, "Buildings," and some of the other sections (and, it may be assumed, all of them) use the phrase "buildings and other structures" in such a way that it cannot refer to this tank, but must reach only a structure having separate stories with floors, or be otherwise confined to an ordinary factory, residence, store, or office building.

It is true that associated statutes must often be read together in order properly to interpret one of them; but this is an aid to interpretation, which cannot prevail over a clear meaning shown by the words and the history of the statute involved. Such force as there might be in defendant's theory of construction is distinctly lessened by the history of the section. Although now in force by reason of its re-enactment in the Code, we find that it was originally enacted independently of any other section on the same subject, and was not associated with the sections where it is now found until it was so grouped by the compilers of the Code. We can find no other intent in the words of this section, save that it refers to any structure in the erection of which there is occasion to use "scaffolding, hoists, stays, ladders or other mechanical contrivances," which, according to their character, will or will not give proper protection to the life and limb of the laborers. The section has not lost this clear meaning because it has been re-enacted in company with other sections which use the word "structure" in a more limited sense; and it follows that the negligent furnishing of an unsuitable and improper hoist or derrick for the erection of the tank in question prevented the final part of section 21–2 from operating as a bar to this action.

The question whether the trial judge properly instructed the jury as to the meaning of "willful act" has been argued at length. We find

it unnecessary for decision. The case was submitted to the jury upon both theories—that the jury might find a willful act, or might find a violation of section 12593—and that in either event plaintiff might recover. In answer to special questions, the jury found that the act was willful and that negligence existed which constituted violation of the statute. Upon the latter subject the question and answer were:

"Did the defendant knowingly and negligently furnish an unsuitable or improper hoist or derrick, which did not give proper protection to the life and limb of the plaintiff, John J. McWeeny? Answer: Yes."

In this state of the record, it is immaterial whether the foreman's act was willful. The statutory violation so found to exist was of itself sufficient to, and did, take full effect under section 21–2. Plaintiff's case was no better because there were two ways of preventing escape from the bar of this section, and no worse if there was only one.

It is suggested that the jury would be prejudiced because of the supposed error in the definition of "willful act," and because the charge so fully discussed this subject; and it is said that the amount of the verdict was probably thereby increased. We cannot see any reasonable probability that there was prejudice in this respect. See Hocking Co. v. New York Co. (C. C. A. 6th Cir., Nov. 4, 1914) 217 Fed. 727, 132 C. C. A. 387. Every item of evidence which was received on the subject of willfulness, and which might have created a bad impression upon the jury, would almost certainly have come into the case in exactly the same form if the only issue had been one of statutory violation. This evidence constituted only a complete statement of the circumstances attending the accident, and would have been proper to determine the extent and character of the negligence involved.

The judgment must be affirmed, with costs.