### FLEISCHMAN CONST. CO. v. BURNS.

(Circuit Court of Appeals, Sixth Circuit. November 8, 1922.)

No. 3638.

**Courts ⬾370—State court's construction of state statute followed in federal courts, irrespective of prior construction by federal court.**

The federal courts will not review or reverse the judgment of a state court of last resort construing a state statute, but will accept such construction, whether right or wrong, if no federal question is involved and the decision of the state court is without purpose to evade a federal issue;

⬾For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

and, as respects such acceptance of the state court's construction, the fact that prior to the construction of the statute by the state court the federal court gave the statute a contrary construction is immaterial.

In Error to the District Court of the United States for the Eastern Division of the Northern District of Ohio; D. C. Westenhaver, Judge.

Action by John B. Burns against the Fleischman Construction Company. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

Irwin N. Loeser, of Cleveland, Ohio (Mooney, Hahn, Loeser & Keough, and M. P. Mooney, all of Cleveland, Ohio, on the brief), for plaintiff in error.

Anderson, Lamb & Osborne, of Youngstown, Ohio, and J. J. Tetlow, of Cleveland, Ohio, for defendant in error.

Before KNAPPEN, DENISON, and DONAHUE, Circuit Judges.

DONAHUE, Circuit Judge. The defendant in error obtained a judgment in the District Court against the plaintiff in error, for damages for personal injuries received by him while in the employ of the Fleischman Construction Company as a bricklayer engaged in the erection of a theater building in Cleveland, Ohio.

It is admitted that at the time Burns sustained these injuries that his employer, the Fleischman Construction Company, had complied with the Workmen's Compensation Law of Ohio, and that under the provisions of that law (sections 1465—70, 1465—76, G. C.) Burns would have no right of action against it to recover compensation for the injuries sustained by him in the course of his employment unless such injuries were occasioned by the willful act of his employer or any of such employer's officers or agents, or for the failure of such employer or any of such employer's officers or agents to comply with any lawful requirements for the protection of the lives and safety of employés.

It was claimed in the trial court upon behalf of the plaintiff, Burns, that the Fleischman Construction Company, its officers and agents, had failed to comply with the provisions of section 12593 of the General Code of Ohio, which section reads as follows:

"Whoever, employing or directing another to do or perform labor in erecting, repairing, altering or painting a house, building or other structure, knowingly or negligently furnishes, erects or causes to be furnished for erection for and in the performance of said labor unsuitable or improper scaffolding, hoists, stays, ladders or other mechanical contrivances which will not give proper protection to the life and limb of a person so employed or engaged, shall be fined not more than five hundred dollars or imprisoned not more than three months, or both."

The application of this section of the General Code of Ohio to the facts of this case was challenged by a motion to direct a verdict for the defendant at the close of plaintiff's evidence and again at the close of all the evidence and also by exceptions taken to the charge.

The defendant in error has not appeared either in person or by counsel in this court and has filed no brief.

Since the trial of this case in the District Court, the Supreme Court

of Ohio, in the case of Albert F. Patten v. Aluminum Castings Co., 105 Ohio St. 1, 136 N. E. 426, has held that the provisions of section 12593 of the General Code of Ohio do not comprise lawful requirements within the meaning of section 35 of article 2 of the Constitution of Ohio, or section 1465—76 of the General Code of Ohio.

To the same effect is the holding of the Supreme Court of Ohio in American Woodenware Manufacturing Co. v. Schorling, 96 Ohio St. 305, 117 N. E. 366, Ann. Cas. 1918D, 318, that the provisions of sections 15 and 16 of the Industrial Commission Act (103 O. L. 95) are not the lawful requirements referred to by, and within the meaning of, section 35 of article 2 of the Constitution; that the term "lawful requirement," as used in section 35, art. 2, of the Constitution and section 29 of the Workmen's Compensation Act (103 Ohio Laws, p. 84), does not include a general course of conduct, or those general duties and obligations of care and caution which rest upon employers and employés, and all other members of the community, for the protection of life, health, and safety.

The federal courts will not review or reverse the judgment of a state court of last resort construing a state statute, but will accept such construction, whether right or wrong, if no federal question is involved, and the decision of the state court is without purpose to evade a federal issue. Nickel v. Cole, 256 U. S. 222, 225, 41 Sup. Ct. 467, 60 L. Ed. 900; Enterprise Irrigation District v. Farmers' Mutual Canal Co., 243 U. S. 157, 164, 37 Sup. Ct. 318, 61 L. Ed. 644; Fairfield v. County, 100 U. S. 47, 25 L. Ed. 544; Railway Co. v. Meese, 239 U. S. 614, 36 Sup. Ct. 223, 60 L. Ed. 467.

While this court in Standard Boiler & Plate Co. v. McWeeney, 218 Fed. 361, 134 C. C. A. 169, affirmed the judgment of the District Court (210 Fed. 507) in holding the employer liable in a civil action for damages occasioned to his employé by the employer's violation of section 12593, G. C. of Ohio, yet that was before the Supreme Court of Ohio had construed this section and long before the injury to defendant in error occurred. This former holding, however, cannot prevent the present application of the rule above stated.

The judgment of the District Court is reversed, and the cause remanded.