# NORTHERN PACIFIC RAILWAY COMPANY *v.* MEESE.

## CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE NINTH CIRCUIT.

No. 133. Argued December 10, 1915.—Decided January 17, 1916.

Federal courts must accept the construction of a state statute deliberately adopted by the highest court of that State.

The highest court of the State having held, in construing the Washington Workmen's Compensation Act of 1911, that the compensation thereby provided in the cases covered by its terms was intended to be exclusive of every other remedy and that all causes of action theretofore existing and not saved by its provisos were done away with, the Federal court should accept that construction.

In view of that construction, *held* that although the act did not specifically repeal §§ 183 and 194, Rem. & Ball. Code, the personal representatives of an employé, killed, while in the course, and at the place, of his employment, by the negligence of one not his employer, cannot maintain a suit at law therefor against the latter.

On the record in this case it does not appear that the Workmen's

Compensation Act of Washington is unconstitutional as a denial of the equal protection of the law.

211 Fed. Rep. 254, reversed.

THE facts, which involve the construction of the Workmen's Compensation Act of Washington and the duty of the Federal court to follow the construction of that statute in cases arising thereunder, · are stated in the opinion.

.  *Mr. Charles W. Bunn* for petitioner.

*Mr. Govnor Teats,* with whom *Mr. Leo Teats* and *Mr. Ralph Teats* were on the brief, for the respondent:

The Workmen's Compensation Act of Washington, does not and never was intended to deny to or take from the heirs or personal representatives of the deceased husband and father, their right of action for damages against the railway company, it not being an employer of the deceased whose wrongful act caused his death.  The death of respondent's intestate having been caused by the wrongful act and negligence of one not his employer, his heirs, the respondents herein, are not barred by the provisions of the Workmen's Compensation Act from maintaining their statutory right of action against the railway company by reason of the fact that at the time the deceased was injured, from which injuries he died, he was working with a class of employés covered by the act and acting in the discharge of his duties as an employé of that company and at the plant of that company.

The Workmen's Compensation Law was a product of certain conditions existing between workmen and employers in Washington by reason of the fellow-servant, assumption of the risk and contributory negligence doctrine·of the common law in the first place and the waste of money paid by employers to casualty companies, the

uncertainty of relief, the abuses of such companies towards the injured workman, producing estrangement between workmen and employer, inimical to all concerned including the public, and the expense to the State from increased personal injury litigation between master and servant.

The Workmen's Compensation Law was not intended and does not relate to the right of action of a workman or his heirs against negligent third persons not his employers, except as provided in §§ 3 and 5 of the act and then at his option.

The manifest intent of the law is not to cover and compensate for accidents generally but to cover accidents occurring in those employments and occupations which are specifically classed as and which may be found by the commission to be extra hazardous. *Guerrieri* v. *Industrial Ins. Comm.*, 84 Washington, 266.

The Supreme Court of the State of Washington has not by construction or otherwise extended the application of the law to cases similar to the one at bar, and when called upon to construe the law in a case of this sort will follow the construction placed upon it by the Circuit Court of Appeals for the Ninth Circuit in 211 Fed. Rep. 254.

To extend the application of the Workmen's Compensation Law to right of action of a workman against a third person under the facts of this case, would be unconstitutional, and would be a discrimination against the respondents and not an equal protection under the law.

In support of these contentions of defendant in error, see also *Barbier* v. *Connelly*, 113 U. S. 27; Bouvier's Law Dict., Title Preamble; *Bowen* v. *Lease*, 2 Hill, 226; *Diana* v. *Lamerous*, 114 Wisconsin, 44; Endlich, Int. of Statutes, § 59; *Gulf &c. Ry.* v. *Ellis*, 165 U. S. 150; *Hanly* v. *Sims*, 175 Indiana, 345; *Huntworth* v. *Tanner*, 45 Wash. Dec. 482; *Kelley* v. *Madison*, 43 Wisconsin, 638; 28 Am. Rep. 576; Lewis, Sutherland Stat. Const., §§ 120–145; *McGaffin*

*v. Cohoes,* 74 N. Y. 387; *Mo. Pac. Ry.* v. *Mackey,* 127 U. S. 205; *Peet* v. *Mills,* 76 Washington, 437; *Replogle* v. *School Dist.,* 84 Washington, 581; *State* v. *Clausen,* 65 Washington, 195; *State* v. *Mountain Timber Co.,* 75 Washington, 581; *State* v. *Taylor,* 21 Washington, 672; *State* v. *Haun,* 47 L. R. A. 369; Sutherland Statutory Const., §§ 388–499.

Mr. Justice McReynolds delivered the opinion of the court.

Benjamin Meese, an employé of the Seattle Brewing and Malting Company, was fatally injured on April 12, 1913, while engaged about his ordinary duties at its plant in Seattle. Alleging that his death resulted from the negligence of the petitioner railway company, his wife and children brought this action for damages in the District Court of the United States. They relied upon the following sections, Remington and Ballinger's Annotated Codes and Statutes of Washington:

"Section 183. . . . When the death of a person is caused by the wrongful act or neglect of another, his heirs or personal representatives may maintain an action for damages against the person causing the death."

"Section 194. No action for a personal injury to any person occasioning his death shall abate, nor shall such right of action determine, by reason of such death, if he have a wife or child living, . . . ; but such action may be prosecuted, or commenced and prosecuted, in favor of such wife or in favor of the wife and children . . . "

The railway company demurred, specifying as one of the grounds therefor, "That there is no authority in law under which the plaintiffs' action can be maintained as against this answering defendant, it appearing from the complaint that Benjamin Meese, on account of whose wrongful death this action was brought, sustained the injuries

of which complaint is made, at the place of work and plant of his employer, and the plaintiff's claim comes within the terms of Chapter 74 of the Session Laws of the State of Washington for 1911, being an act relating to compensation of injured workmen," approved March 14, 1911.

By the act referred to the legislature of Washington specifically repealed certain sections of Remington and Ballinger's Code, not including §§ 183 and 194; established a comprehensive plan for the relief of workmen injured in extra hazardous work and their families and dependents, regardless of the question of fault; and likewise made provision for raising the necessary funds by enforced contributions from specified employers, both breweries and railroads being included.

The trial court (206 Fed. Rep. 222) held that the purpose of the act of March 14, 1911, was not merely to end controversies between employers and employés in respect of injuries to the latter, but to end all suits at law for the injury or death of employés while engaged in certain occupations, no matter by whom injured or killed, with certain exceptions not here important. And by a judgment dated July 11, 1913, the demurrer was accordingly sustained and the complaint dismissed.

This action of the trial court was reversed by the Circuit Court of Appeals (211 Fed. Rep. 254) the latter being of opinion that the act in question did not, and was not intended to, deprive complainants of their right to proceed under §§ 183 and 194 of the Code, since deceased was not its employé when the accident occurred. Counsel for the railway called especial attention to *Peet* v. *Mills*, 76 Washington, 437, decided November 28, 1913, and insisted that the conclusions there announced were in accord with the opinion and judgment of the District Court then under review; but the Circuit Court of Appeals rejected this view, saying: "We are unable to agree

with counsel that the Supreme Court of the State of Washington in that case reached a conclusion different from that reached by us in the present case."

The error now assigned and relied on is: "That the Circuit Court of Appeals should have followed *Peet* v. *Mills* and have affirmed the judgment of the District Court." ·

It is settled doctrine that Federal courts must accept the construction of a state statute deliberately adopted by its highest court. *Old Colony Trust Co.* v. *Omaha,* 230 U. S. 100, 116; *Fairfield* v. *Gallatin,* 100 U. S. 47, 52. The Supreme Court of Washington in *Peet* v. *Mills* construed the statute in question and we think its opinion plainly supports the holding of the District Court and is in direct opposition to the conclusion reached by the Circuit Court of Appeals. The following excerpts from the opinion will suffice to indicate its import:

"By this appeal, we are again called upon to review the Workmen's Compensation Act of 1911 (Laws 1911, c. 74), under appellant's contention that the act is applicable only where recovery is sought upon the ground of negligence of the employer. . . .

" . . . The conclusion is evident that, in the enactment of this new law, the Legislature declared it to be the policy of this State that every hazardous industry within the purview of the act should bear the burden arising out of injuries to its employés; and that it was the further policy of the State to do away with the recognized evils attaching to the remedies under existing forms of law and to substitute a new remedy that should be ample, full, and complete, reaching every injury sustained by any workman while employed in any such industry, regardless of the cause of the injury or the negligence to 'which it might be attributed. We can conceive of no language the Legislature might have employed that would make its purpose and intent more ascertainable than that made use of in the first section of the act. To say with

appellant that the intent of the act is limited to the abolishment of negligence as a ground of action against an employer only is to overlook and read out of the act and its declaration of principles the economic thought sought to be crystallized into law, that the industry itself was the primal cause of the injury and, as such, should be made to bear its burdens. . . . That in so doing the legislative mind was intent upon the abolishment of all causes of action that may have theretofore existed, irrespective of the persons in favor of whom or against whom such right might have existed, is equally clear from the language of section 5 of the act, containing a schedule of awards, and providing that each workman injured in the course of his employment should receive certain compensation, and 'such payment shall be in lieu of any and all rights of action whatsoever against any person whomsoever.' . . . For these reasons we are of the opinion that the compensation provided by the act in case of injury to any workman in any hazardous occupation was intended to be exclusive of every other remedy, and that all causes of action theretofore existing except as they are saved by the provisos of the act, are done away with."

Respondents' suggestion that the construction of the act adopted by the trial court would cause it to conflict with the equal protection clause of the Fourteenth Amendment, is without merit. They have raised no other question involving application of the Federal Constitution.

The judgment of the Circuit Court of Appeals must be reversed and the action of the District Court affirmed.

*And it is so ordered.*

Mr. Justice McKenna is of opinion that the statute was properly construed by the Circuit Court of Appeals and that its conclusions do not conflict with the opinion of the state Supreme Court. He therefore dissents.