## MADDEN v. NORTHERN PAC. RY. CO.

(District Court, W. D. Washington, N. D.　May 5, 1917.)

### No. 3596.

MASTER AND SERVANT ⬤⟶401—WORKMEN'S COMPENSATION ACT—PLEADING AS DEFENSE.

Under Industrial Insurance Act Wash. (Laws 1911, p. 362) § 8, depriving employers in default in the payment of premiums of the benefits thereof, and making them liable to suit by the injured workman, and Rev. St. § 721 (Comp. St. 1916, § 1538), providing that the laws of the several states shall be regarded as rules of decision in trials at common law, where a third person seeks to evade liability for injuries on the ground that the Insurance Act provides the exclusive remedy, compliance by the injured person's employer with such act is an affirmative defense, to be pleaded and proved by such defendant.

At Law. Action by Minnie E. Madden against the Northern Pacific Railway Company. On demurrer to the complaint. Demurrer overruled.

James T. Lawler, of Seattle, Wash., for plaintiff.
Charles H. Winders, of Seattle, Wash., for defendant.

NETERER, District Judge. This is an action by the plaintiff, surviving widow, to recover from the defendant damages occasioned because of the death of her husband, which she charges is due to the negligence of the defendant company. The complaint, in substance, alleges that the deceased was employed by the Chicago, Milwaukee & St. Paul Railway Company, and that while in the due course of his employment the defendant Northern Pacific Railway Company ran into and upon the engine upon which the deceased was employed, negligently and carelessly causing his death. The defendant demurs to the complaint, on the ground that:

"It does not state facts sufficient to constitute a cause of action against the defendant."

And further:

"That this court has no jurisdiction of the subject-matter of this action, for the reason that it affirmatively appears under the allegations of plaintiff's complaint that at the time of the fatal accident to Theodore V. Madden, on account of whose death this action is brought, said Madden was working in the course of his employment within the plant and upon the property of his employer, within the city of Seattle, King county. Washington, and his heirs were within the protection of what is known as the Workmen's Compensation Act of the state of Washington, which act withdraws the jurisdiction of all courts in all actions for wrongful death and coming thereunder."

Defendant, in support of its contention, cites Ross v. Erickson Construction Co., 89 Wash. 634, 155 Pac. 153, L. R. A. 1916F, 319. This was an action to recover for damages claimed to have been occasioned by reason of malpractice of the attending surgeon, furnished by the master at the time of the injury, pursuant to a condition of the employment, whereby $1 a month was retained out of the wages of the employés for the purpose of furnishing medical skill. The claim for

damages sustained on account of the primary injury had been present-
ed to the Industrial Insurance Commisson and full settlement made.
The issue before the court was whether, under the circumstances, the
settlement for the primary injury did not include all damages occa-
sioned, and it was held that the action could not be prosecuted. Stertz
v. Industrial Ins. Commission, 91 Wash. 588, 158 Pac. 256, also cited by
the defendant, was an action brought against the Insurance Commis-
sion for injury caused by a discharged employé, who waylaid the log-
ging train of the employer and wounded one and killed others of the
workmen, including Stertz, who was in charge of the train as fore-
man. The question for decision was whether the plaintiff was killed
in the course of his employment, either upon the premises or away from
the plant, and the court held that he was and directed judgment against
the Commission. In Meese et al. v. Northern Pacific Ry. Co. (D. C.)
206 Fed. 222, and Northern Pac. R. Co. v. Meese, 239 U. S. 614, 36
Sup. Ct. 223, 60 L. Ed. 467, it was held that a person injured "at the
plant," from whatever agency, came within the Industrial Insurance
Act.

Section 8 (page 362, Laws 1911) of the Insurance Act provides:

"In respect to any injury happening to any of his workmen during the
period of any default in the payment of any premium under section 4, the de-
faulting employer shall not, if such default be after demand for payment, be
entitled to the benefits of this act, but shall be liable to suit by the injured
workman * * * as he would have been prior to the passage of this act."

The Legislature in the same act, undertook to withdraw all phases of
liability for negligence from private controversy, and provided "sure
and certain relief for workmen," and abolished "all civil actions and
civil causes of action for such personal injuries," and abolished all
jurisdiction of the courts over such causes except as in the act pro-
vided. The Supreme Court of Washington, in Acres v. Frederick &
Nelson Co., 79 Wash. 402, 140 Pac. 370, held that it was the duty of
the party invoking the Industrial Insurance Act provisions to plead and
prove compliance with the act, in view of the provisions of section 8,
supra, and the same court in Reynolds v. Day, 79 Wash. 499, at page
507, 140 Pac. 681, at page 685, L. R. A. 1916A, 432, said:

"We again impress the fact that the common-law action may still be main-
tained and its remedy enforced as against an employer in this state in all
cases not specifically covered by the Industrial Insurance Act. Moreover, the
Industrial Insurance Act, upon which the respondents rely as the sole mani-
festation of a public policy of this state inimical to the common-law action,
expressly excepts cases where the employer is in default in his contribution to
the statutory insurance fund. We have held that such payment is a matter
of affirmative defense, which must be pleaded and proved, in order to defeat an
action at law against the employer for injury to his employé."

With equal, if not greater, emphasis would this apply to a third per-
son who committed the injury, if seeking to evade liability by reason of
the provisions of the act, to show that the employer of the injured per-
son had complied with its requirements. The same court, in Replogle
v. Seattle School District No. 1, 84 Wash. 581, at page 584, 147 Pac.
196, at page 197, said:

"This court, in an action for personal injuries prosecuted by a servant
against his master, held that it was the duty of the latter to plead and prove a

compliance with the Industrial Insurance Act as a condition precedent to making the objection that the Industrial Insurance Law had withdrawn the action from the courts."

The rule of procedure in the state court, I think, should apply in this case. Section 721, Rev. Stat. U. S. (Comp. St. 1916, § 1538).

Under these decisions the complaint is sufficient, and the demurrer is overruled.