## ROBINSON v. UNION PACIFIC R. CO.

No. 4563.   Decided October 14, 1927.   (261 P. 9.)

442

*Harry J. Robinson* and *J. H. McKnight,* both of Salt Lake City for appellant.

*George H. Smith, J. V. Lyle,* and *R. B. Porter,* all of Salt Lake City, for respondent.

THURMAN, C. J.

The plaintiff by this action seeks to recover damages against the defendant railroad company for the death of his intestate, alleged to have been caused by the defendant's negligence. It is alleged, in substance, in the complaint that Leo Robinson, plaintiff's intestate, on January 8, 1926, was

in the employ of the Christensen Construction Company and Working near "Devil's Slide" in Morgan county leveling up the iron or steel rails then and there being laid by said construction company, for the uses and purposes of the defendant; that at said time and place there was an electric transmission wire suspended above the rails and tracks of defendant's railroad charged with a current of approximately 44,000 volts, all of which was known to the defendant; that under such conditions the defendant company negligently attempted to move, and negligently did move, from one railroad track to another a pile-driving machine having a steel mast extending upward to an equal or greater height above the rails and tracks of defendant company than was the electric transmission wire above referred to; that while so moving said pile-driving machine the said defendant negligently caused the aforesaid steel mast to come forcibly in contact with said electric transmission wire, causing the same to break and fall across the steel or iron rails of the defendant company; that the said Leo Robinson at the time was working with, and had in his hands, a steel or iron bar; and that the said electric current with which said wire was charged was by reason of the aforesaid negligence of defendant caused to be communicated to the said bar in the hands of said Leo Robinson, thereby causing his instant death.

Other allegations are made, which are immaterial here, tending to show the damages sustained by plaintiff, as the administrator of said estate.

Defendant, answering, denies the allegations tending to establish its liability, and for further answer alleges that at the time and place of the death of Leo Robinson, as alleged in the complaint, he was in the employ of the said Christensen Construction Company, which company was engaged in contract work for the defendant; that said Christensen Construction Company had at the time in its employ more than three men and carried industrial insurance for its employees in the Utah state insurance fund, and that

therefore the heirs and dependents of said Leo Robinson were entitled to compensation from said state insurance fund, and to no other compensation or remedy.

The case was tried to a jury, which, under a peremptory instruction of the court, returned a verdict for the defendant, no cause of action, whereupon judgment, was entered dismissing the action, from which judgment plaintiff appeals.

Respondent moves to dismiss the appeal on the grounds: (1) That the transcript was not filed within 30 days after the appeal was taken; (2) that no bill of exceptions was settled within 30 days after the motion for a new trial was overruled, and that no extension was secured for the settlement of said bill.

1. The first ground for the motion is untenable for the reason that the filing of a transcript within 30 days after the appeal is taken is not jurisdictional, and it does not appear that respondent was in any manner prejudiced by the delay.

2. The second ground is without merit because the statute (Compiled Laws of Utah 1917, § 6969), as far as material here, provides that the *service* of the bill, not the *settlement* of the bill, shall be made within 30 days after service of notice that the motion for a new trial has been overruled.

The judgment was entered October 20, 1926. Motion for a new trial was made on October 25, 1926, denied on October 30th, and no notice thereof given. In any event, service of the bill was acknowledged by respondent November 22, 1926.

There is no merit in the motion to dismiss the appeal.

The more serious question is presented by the issue raised in respondent's answer to the complaint. It is contended by respondent that appellant cannot maintain this action because of certain provisions contained in the Utah Industrial Act.

The Christensen Construction Company, by whom Leo Robinson, appellant's intestate, was employed, was an employer within the Industrial Act and was insured in the state insurance fund. It appears that defendant was also a self-insurer, within the act, but that feature is wholly immaterial as it is not claimed that the deceased was in the employ of defendant.

The following sections of the Compiled Laws of Utah 1917, as amended in Session Laws 1921, at pages 175, 176, are relied on by respondent:

"3132. The right to recover compensation pursuant to the provisions of this title for injuries sustained by an employee, whether resulting in death or otherwise, shall be the exclusive remedy against the employer, except that where the injury is caused by the employer's willful misconduct and such act causing such injury is the personal act of the employer himself, or if the employer be a partner-. ship, on the part of one of the partners, or if a corporation, on the part of an elective officer or officers thereof, and such act indicates a willful disregard of the life, limb, or bodily safety of employees, such injured employee may, at his option, either claim compensation under this title or maintain an action at law for damages. The term 'willful misconduct,' as employed in this section shall be construed to mean an act done knowingly and purposely with the direct object of injuring another. * * *

"3133. If an employee under this act be injured or killed while in the course of his employment by another not in the same employment, he or his dependents in case of death, shall be entitled to compensation and to no other remedy unless the employer be subject to the provisions of sections 3129 and 3130. No employee or the dependents in case of death shall be granted compensation in such case unless such employee or his dependents, as the case may be, shall assign any cause of action existing against the person responsible for or causing the injury or death to the state insurance fund, if compensation be payable therefrom, and otherwise to the person or association or corporation liable for the payment of such compensation. And such cause of action is by this section made assignable, whether it be for injury or death, and the dependents or the personal representative and not the heirs in such case shall have the right and power to make a full and exclusive assignment notwithstanding sections 6504 and 6505, Compiled Laws of Utah 1917."

Sections 3129 and 3130 referred to in the section last quoted refers to employers who have failed to comply with the provisions of the Industrial Act. As to them the injured employee has an election of remedies under the restrictions therein stated.

Counsel for appellant challenges the constitutionality of the statutes above quoted, and refers to *Garfield Smelting Co.* v. *Industrial Commission,* 53 Utah, 133, 178 P. 57, in which it was held that section 73 of the Industrial Act, referring to Session Laws 1917, c. 100 (Comp. Laws, 1917, § 3134), was unconstitutional, in so far as it provided for waiver of actions at law where the rights of minors were involved in injuries resulting in death. This court held that that provision of the Industrial Act was in violation of article 16, § 5, of the state Constitution which provides:

"The right of action to recover damages for injuries resulting in death, shall never be abrogated, and the amount recoverable shall not be subject to any statutory limitation."

That decision was handed down on December 27, 1918. As a result the Legislature, in special session in October, 1919, in pursuance of a proclamation by the Governor, by appropriate resolution, proposed to amend article 16, § 5, of the state Constitution, to read as follows:

"The right of action to recover damages for injuries resulting in death, shall never be abrogated, and the amount recoverable shall not be subject to any statutory limitation, except in cases where compensation for injuries resulting in death is provided for by law."

The proposed amendment was adopted by popular vote at the general election held in November, 1920, and has ever since been in force.

The statutes (sections 3132 and 3133) hereinbefore quoted at length were enacted after the adoption of the amendment above referred to.

Counsel for appellant also invoke the provisions of the state Constitution (article 1, §§ 10 and 11) providing for

trial by jury and declaring that all courts shall be open for the redress of grievances, etc.

In most cases that have come before the courts in industrial cases involving these and similar constitutional provisions the courts have held that such provisions have not been infringed, and Workmen's Compensation Acts, in these respects, have generally been sustained. It does not clearly appear that these provisions of the Constitution have any application here.

Counsel for respondent contend that section 3133 provides for compensation under the Industrial Act in cases of this kind, and that such remedy is exclusive. In this connection they cite the following cases arising under the Workmen's Compensation Acts of the states of Washington (Laws 1911, p. 345) and Montana (Rev. Codes 1921, §§ 2816-3033) : *State* v. *Clausen,* 65 Wash. 156, 117 P. 1111, 37 L. R. A. (N. S.) 466; *Zenor* v. *Spokane & I. E. R. Co.,* 109 Wash. 471, 186 P. 849; *Northern Pacific R. Co.* v. *Meese,* 239 U. S. 614, 36 S. Ct. 223, 60 L. Ed. 467; *Bruce* v. *McAdoo,* 65 Mont. 275, 211 P. 772. These cases, of course, are controlled by the respective statutes of the states mentioned. The Workmen's Compensation Acts of those states abolish every form of action at law or in equity by an employee within the act, except for an injury or death occurring in the course of his employment caused by the negligence of another not in the same employment away from the plant of the employer. As to such injury or death the employee, or his dependent as the case may be, have an election of remedies. They can accept compensation under the act or apply to the courts for relief. We have no such statute in this state, unless section 3133, supra, be susceptible of such interpretation. For convenience in this connection we again quote the section:

"If an employee under this act be injured or killed while in the course of his employment by another not in the same employment, he or his dependents in case of death, shall be entitled to compensation and to no other remedy unless the employer be subject to the

provisions of sections 3129 and 3130. No employee or the dependents in case of death shall be granted compensation in such case unless such employee or his dependents, as the case may be, shall assign any cause of action existing against the person responsible for or causing the injury or death to the state insurance fund, if compensation be payable therefrom, and otherwise to the person or association or corporation liable for the payment of such compensation. And such cause of action is by this section made assignable, whether it be for injury or death, and the dependents or the personal representative and not the heirs in such case shall have the right and power to make a full and exclusive assignment notwithstanding sections 6504 and 6505, Compiled Laws of Utah 1917."

While the first sentence of the section considered alone appears on its face to deprive the injured employee, or his dependents, of any remedy he or they might have against the party that caused his injury or death the remaining portion of the section contemplates that the cause of action against such party still exists, and provides for an assignment thereof to the insurer liable for the compensation. There is, therefore, a serious incongruity in the section resulting, in my opinion, more from faulty arrangement of the ideas expressed, than from the language used to express them. If by virtue of the statute the employee, or his dependents, as the case may be, have no cause of action or remedy in such cases against the party who causes the injury or death of the employee, the question arises, What cause of action is there to assign? Where there is an incongruity or an apparent inconsistency in the ideas expressed ■ which leads to a palpable absurdity, it is our duty, if possible without adding to or taking from the language employed, to find a meaning compatible with reason and common sense. It is quite evident from the language used that the Legislature intended to allow the employee, or his dependents, compensation under the Industrial Act in lieu of his remedy at law, providing he, or, in case of death, his dependents, assign the cause of action to the insurer liability for the compensation. No one can consistently challenge that proposition as reflecting the mani-

fest intention of the Legislature. Assuming that to be true, the following paraphrase of the section will more nearly express the actual intent of the statute:

"Whenever an employee under this act is injured or killed while in the course of his employment by another not in the same employment, if such employee, or, in case of death, his dependents, assign the cause of action existing against the person responsible for such injury or death to the insurer liable for compensation, then he, or his dependents, as the case may be, shall be entitled to compensation and to no other remedy."

In the above paraphrase I make no mention of sections 3129 and 3130 for they are in no sense germane ■ to the subject-matter of the section. Reference to them merely increases the incongruity. It is our duty, when possible, to give to every word, phrase, clause, and sentence a consistent reasonable meaning. We cannot give the first sentence of the section the interpretation urged by respondent without eliminating the remainder of the section which relates to the assignment of the cause of action. To do this would be to disregard the manifest intention of the Legislature.

If, in the last analysis, we are compelled to read words into the statute which sometimes becomes necessary in order to ascertain its meaning, we are of opinion that the words "against his employer" inserted between the word "remedy" and the word "unless" in the first sentence would also clearly express the intent of the statute, and the same result would thereby be reached. It follows, in the opinion of the court, that section 3133 was not intended, in cases of this kind, to make compensation under the Industrial Act an exclusive remedy, except where the employee, or in case of death, his dependents, assigns his or their cause of action, as provided in the act.

In this case it appears that the injury to the employee resulted in his death and that his dependents have not assigned the cause of action against the party whose alleged negligence caused his death.

■

In view of our interpretation of the statute, and as at present advised, we are not prepared to hold that the dependents of the deceased employee were compelled to assign their cause of action against the alleged ■ wrongdoer or that they are not entitled to their common-law right of action. While the statute does not in express terms give the right of election, it appears to us that in effect it amounts to that. Unless the dependents have a right of election, it follows that they have no redress for the alleged wrongs of which they complain without first assigning their cause of action, which, evidently, they are not willing to do.

Workmen's Compensation Acts in the various jurisdictions of the country have gone a long way in the direction of depriving both employers and employees of their common-law remedies and defenses, especially as between themselves, but we are cognizant of no statute at present which has gone to the length of depriving an employee, or his dependents, of a remedy against one not engaged in the same employment and over whose business the employer of the injured employee has no control. As far as we have examined the cases, including those cited by respondent, the injured employee, or his dependents, in case of death, in cases of this kind have an election of remedies. We know of no statute which forbids it in this jurisdiction.

For the reasons stated, the judgment of the trial court is reversed and the cause remanded for a new trial, at respendent's costs.

CHERRY, HANSEN, and GIDEON, JJ., concur.

STRAUP, J. (concurring). Cases from the state of Washington (*Zenor* v. *Spokane & I. E. R. R. Co.* 109 Wash. 186 P. 849) and from Montana (*Bruce* v. *McAdoo*, 65 Mont. 275, 211 P. 772, and *Northern Pacific R. R. Co.* v. *Meese*, 239 U. S. 619, 36 S. Ct. 223, 60 L. Ed. 467), wherein the statutes of such states are construed, are cited to support

the contention that sections 3132 and 3133 of our statute referred to in the main opinion require the same construction. I think the statutes of such states are much broader than is our statute. The Montana statute (Rev. Codes 1921, § 2838) provided that:

"Except as specifically provided in this act, all causes of action, actions at law, suits in equity, and proceedings whatever, and all statutory and common-law rights and remedies for and on account of such death of, or personal injury to, any such employee are hereby abolished."

Because of such and other similar language of the act the Supreme Court of Montana, in *Bruce* v. *McAdoo,* supra, held that the remedy as provided by the act in case of an employee coming under its provisions for personal injury or death was exclusive. Such conclusion was reached because of express language of the statute abolishing all other causes of action whether statutory or common-law. The Washington statute (Laws 1911, p. 345, §§ 1 and 5) contained a schedule of awards and provided that each workman injured in the course of his employment should receive certain compensation, and that "such payment shall be in lieu of any and all rights of action whatsoever against any person whomsoever," and that "all civil actions and civil causes of action for such personal injuries and all jurisdiction of the courts of the state over such causes are hereby abolished." In considering the statute the Supreme Court of Washington, in *Peet* v. *Mills,* 76 Wash. 437, 136 P. 685, L. R. A. 1916A, 358, Ann. Cas. 1915D, 154, held that the compensation provided by the act in case of injury to a workman in the course of his employment was exclusive of every other remedy, either as against the employer or as "against any person whomsoever," and "that all causes of action theretofore existing except as they are saved by the provisos of the act are done away with." Such conclusion was reached also because of express language of the statute to that effect. When the Supreme Court of the United States, in *Northern Pac. R. R. Co.* v. *Meese,* supra, dealt

with the same statute, it but followed the usual and well-settled doctrine that "federal courts must accept the construction of a state statute deliberately adopted by the highest court of that state," and that " the highest court of the state having held, in construing the Washington Workmen's Compensation Act of 1911, that the compensation thereby provided in the cases covered by its terms was intended to be exclusive of every other remedy and that all causes of action theretofore existing and not saved by its provisos were done away with, the federal court should accept that construction." Thus, what was said in *Northern Pac. R. R. Co.* v. *Meese*, supra, was merely saying and adopting what was said and decided in *Peet* v. *Mills.*

The question thus is, Is our statute as broad and comprehensive as is the Washington or Montana statute? I think not. That, I think, is evident by comparing our statute with that of either of such statues. Our satute (section 3132), heretofore referred to, provides that "the right to recover compensation pursuant to the provisions of this title for injuries sustained by an employee, whether resulting in death or otherwise, shall be the exclusive remedy against the employer," except where the injury is caused by the employer's willful misconduct, etc. It is clear that such language is not as broad or as comprehensive as that contained in either the Montana or the Washington statute. In such respect our statute says that the right to recover compensation pursuant to the provisions of the title "shall be the exclusive remedy against the employer," while the Washington statute says that it shall be exclusive as to all persons, and that payment made thereunder "shall be in lieu of any and all rights of action whatsoever against any person whomsoever," not only as against the employer as section 3132 provides, but as "against any person whomsoever."

We then look to section 3133. It may be conceded the meaning of that section is somewhat obscure. Yet it is quite clear it is not open to the same construction given or

required to be given the Washington or the Montana statute, for neither the language of our statute nor the effect of it is the same as in either of the other statutes. Section 3133 merely deals with the same subject but under a different condition dealt with in section 3132—the right to recover compensation against the employer. The provision in section 3133, that if the employee be injured or killed, under the condition therein stated, he or his dependents "shall be entitled to compensation and to no other remedy" (unless the employer be subject to the provisions of sections 3129 and 3130), refers to compensation as against the employer. To give it any other meaning renders the phrase, "unless the employer be subject to the provisions of sections 3129 and 3130," meaningless. The exclusiveness of the remedy of necessity refers to the remedy as against the employer, for it is his liability with respect to which the sections and the whole of the act relate, and not to the liability or nonliability of any one else. The further provision contained in section 3133, that "no employee or the dependents in case of death shall be granted compensation in such case unless such employee, or his dependents, as the case may be, shall assign any cause of action existing against the person responsible for or causing the injury or death" to the insurance carrier or other person or association liable for the payment of such compensation, but means that unless such an agreement is made neither the employee nor his dependents, if he be injured or killed in the course of his employment by another not in the same employment, are entitled to any compensation whatsoever as against the employer, unless the employer be subject to the provisions of sections 3129 and 3130.

If the language of section 3132 or 3133 be construed to mean, as is provided in the Washington statute, that the compensation therein referred to "shall be in lieu of any and all rights of action whatsoever against any person whomsoever," and that all civil actions and civil causes of action for personal injuries and death of an employee in the course of his employment are abolished, then, the pertinent

question is, What cause of action or right would be left to be assigned as provided by section 3133? Clearly, there would not anything be left which legally could be assigned. Thus, the fair meaning of the section is that when an employee in the course of his employment is injured or killed by another not in the same employment, he, or his dependents, in case of his death, to entitle him or them to compensation as against the employer, are required to assign the cause of action against such other causing the injury or death to the employer or his insurance carrier, the person or company liable for the payment of the compensation, and if he or they shall not do so, neither may recover anything from the employer nor from his insurance carrier. If, however, in such case neither the employee, nor, in case of his death, his dependents, seek compensation against the employer—do not seek anything against him or his carrier—but choose to prosecute his or their cause of action against such other who is responsible for the injury or death, they are at liberty to do so. I can give the section no other sensible meaning, especially when construed in connection with section 3132 as must be done.

To construe section 3133 as the Washington and Montana statutes have been construed, that the cause of action against such other causing the injury or death is abolished, notwithstanding the section in question providing for an assignment of the cause to be prosecuted by the assignee against the person causing the injury or death, leads, as suggested by the Chief Justice, to an absurdity. I think the tenor of the whole of our Industrial or Workmen's Compensation Act deals with the subject of compensation to be paid employees by the employer or his insurance carrier, and the conditions, circumstances, and amount to be paid. In connection therewith section 3132 but provides that the compensation therein provided "shall be the exclusive remedy against the employer." As to him, all other remedies are done away with. Section 3133 but deals with a condition under which the employer still is liable to pay compensation; the condition be-

ing that though the employee in the course of his employment be injured or killed by another not in the same employment, he or his dependents nevertheless are entitled to compensation against the employer, and as by the act provided and not otherwise, provided, however, that in such case to entitle the employee or his dependents to compensation as against the employer, he or they must assign the cause of action against such other to the employer or to his insurance carrier. But I do not see anything wherein or whereby in such case the employee, or, in case of his death, his dependents, may not waive all right to compensation as against the employer and his carrier and prosecute his or their cause against him responsible for the injury or death. While the injury and death here resulted in the course of the employee's employment—for courts generally, as we, have held that about all injuries received by an employee on his employer's premises or at his plant or place at which the employee is engaged at work, short of a willful injury on his part, is an injury in the course of or arising out of the employment—yet, here, the injury causing the death was by an alleged negligent and independent act of the defendant over which the employer had no control or direction. I am not saying that for such reason the injury sustained by the deceased did not arise out of or in the course of his employment, for the defendant was engaged at work at and about the premises on or about which the employee was at work and who thus was exposed to whatever hazard attended the work at which the defendant was engaged, yet where the alleged act of the defendant was independent of the employer's work and in no sense under his control or direction, and he not responsible for it, it is difficult to understand, by the language employed in the act, that it was the intention of the Legislature, in such case, to abolish or destroy the employee's right to seek redress against such an independent tort-feasor, if the employee, or, in case of his death, his dependents, choose to pursue such course instead of seeking compensation from his employer. Our Industrial Act is a

Workmen's Compensation Act and not an exemption act of strangers and tort-feasors exempting and releasing them as to one because in the employ of another, and on whom wrongs and torts are committed by them to his injury and damage.

I thus am of the opinion that the dependents had the right to waive all compensation as against the employer and his insurance carrier as they did by the prosecution of this action against the person or company alleged to have caused and to be responsible for the death of the deceased, and to prosecute the cause as they did against the defendant.