## THE PACIFIC PINE.

District Court, W. D. Washington, S. D. February 14, 1929.

No. 6901.

CUSHMAN, District Judge (after stating the facts as above). While the exceptions are general in their nature, but one question is discussed in the briefs; that is, whether a libel in rem lies for an injury to a stevedore, in view of the provisions of the "Longshoremen's and Harbor Workers' Com-pensation Act" (44 Stat. 1424; title 33, USCA § 901 et seq.), or, as stated by the claimant in its brief:

"It will be seen from the libel that the libelant has elected under section 33 to proceed against the third person, and it is the contention of the claimant that, although such an election is available, the ship is not a 'third person' against whom its election may be made under the definition of person as given in section 2, which defines person as being an individual, partnership, corporation, or association, no mention being made of a vessel. It is the contention of the claimant that the provisions of the act are exclusive, and that the libelant has no cause of action other than that expressly given by the act; in other words, that all remedies except remedies given by the act have been taken away, and that among the remedies which the act has taken away is that of an action in rem against the vessel."

The act, in part, provides as follows:

"Sec. 902. Definitions. When used in this act—

"(1) The term 'person' means individual, partnership, corporation, or association. * * *

"(4) The term 'employer' means an employer any of whose employees are employed in maritime employment, in whole or in part, upon the navigable waters of the United States (including any dry dock). * * *" (44 Stat. 1424, c. 509, § 2.)

"Sec. 903. Coverage. (a) Compensation shall be payable under this act in respect of disability or death of an employee, but only if the disability or death results from an injury occurring upon the navigable waters of the United States (including any dry dock) and if recovery for the disability or death through workmen's compensation proceedings may not validly be provided by state law. * * *" (44 Stat. 1426, c. 509, § 3.)

"Sec. 904. Liability for compensation. (a) Every employer shall be liable for and shall secure the payment to his employees of the compensation payable under sections 7, 8, and 9. In the case of an employer who is a subcontractor, the contractor shall be liable for and shall secure the payment of such compensation to employees of the subcontractor unless the subcontractor has secured such payment.

"(b) Compensation shall be payable irrespective of fault as a cause for the injury." (44 Stat. 1426, c. 509, § 4.)

"Sec. 905. Exclusiveness of liability. The *liability* of an *employer* prescribed in section 4 shall be *exclusive and in place of all*

154

*other liability of such employer* to the employee, his legal representative, husband or wife, parents, dependents, next of kin, and any one otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury or death, except that if an employer fails to secure payment of compensation as required by this act, an injured employee, or his legal representative in case death results from the injury, may elect to claim compensation under this act, or to maintain *an action at law or in admiralty* for damages on account of such injury or death. In such action the defendant may not plead as a defense that the injury was caused by the negligence of a fellow servant, nor that the employee assumed the risk of his employment, nor that the injury was due to the contributory negligence of the employee." ·(Italics the court's.) (44 Stat. 1426, c. 509, § 5.)

Section 932 makes provision for the manner in which the employer shall secure payment of compensation for injury to employees:

"Sec. 933. Compensation for injuries where third persons are liable. (a) If on account of a disability or death for which compensation is payable under this act the person entitled to such compensation determines that some person other than the employer is liable for damages, he may elect, by giving notice to the deputy commissioner in such manner as the commission may provide, to receive such compensation or to recover damages against such third person.

"(b) Acceptance of such compensation shall operate as an assignment to the employer of all right of the person entitled to compensation to recover damages against such third person, whether or not the person entitled to compensation has notified the deputy commissioner of his election. * * *

"(d) Such employer on account of such assignment may either institute proceedings for the recovery of such damages or may compromise with such third person either without or after instituting such proceeding."

Subsection (e) (1) (A), (B), and (C) relate to the portion of the recovery which the employer may retain. Subsection (e) (2) is as follows:

"(2) The employer shall pay any excess to the person entitled to compensation or to the representative."

Subsections (f), (g), and (h), section 933, are as follows:

"(f) If the person entitled to compensation or the representative elects to recover damages against such third person and noti-

fies the commission of his election and institutes proceedings within the period prescribed in section 13 [section 913], the employer shall be required to pay as compensation under this act a sum equal to the excess of the amount which the commission determines is payable on account of such injury or death over the amount recovered against such third person.

"(g) If a compromise with such third person is made by the person entitled to compensation or such representative of an amount less than the compensation to which such person or representative would be entitled to under this act, the employer shall be liable for compensation as determined in subdivision (e) only if such compromise is made with his written approval.

"(h) The deputy commissioner may, if the person entitled to compensation under this act is a minor, make any election required under subdivision (a) of this section, or many authorize the parent or guardian of the minor to make such election." (44 Stat. 1440, c. 509, § 33.)

"Sec. 948. Laws inapplicable. Nothing in sections 4283, 4284, 4285, 4286, or 4289 of the Revised Statutes, as amended, nor in section 18 of the act entitled 'An act to remove certain burdens on the American Merchant Marine and encourage the American foreign carrying trade, and for other purposes,' approved June 26, 1884, as amended, shall be held to limit the amount for which recovery may be had (1) in any suit at law or in admiralty where an employer has failed to secure compensation as required by this act, or (2) in any proceeding for compensation, any addition to compensation, or any civil penalty." (44 Stat. 1446, c. 509, § 48.)

The laws referred to in the foregoing section relate to provisions concerning limitation of liability by the ship owner. A limitation of liability proceeding is, in part, at least, one in rem.

A determination of the full purpose of the notice to the deputy commissioner required by section 33 is not now necessary. Section 939, 33 USCA (section 39 of the act), provides:

"Sec. 939. Administration. (a) Except as otherwise specifically provided, the United States Employees' Compensation Commission shall administer the provisions of this act. * * *"

Section 933 (e) (2), (f), and (g), supra, provide that, upon failure to recover from a third person in a suit or compromise an amount equal to the compensation provided by the act, the employer is liable for the ex-

cess of the latter over the amount recovered. The determination of such liability of the employer would be for the commissioner. This fact affords ample reason for the requirement of notice of the employee's election to the deputy commissioner.

The dominant purpose of the Longshoremen's and Harbor Workers' Compensation Act being to put a new lamp in the place of old ones, it is not reasonable to conclude that the old rights, which were intended to be extinguished, would be left to be inferred from part of a section relating to porcedure.

Northern Pacific Railway Co. v. Meese, 239 U. S. 614, 36 S. Ct. 223, 60 L. Ed. 467, affirming Meese v. Northern Pacific Railway Co. (D. C.) 206 F. 222, is readily distinguished from the present case. In the Washington Compensation Act, considered in the Meese Case, it was provided: " * * * Such payment shall be in lieu of any and all rights of action whatsoever against any person whomsoever." Laws Wash. 1911, p. 356, § 5. In the Longshoremen's and Harbor Workers' Compensation Act there appears no such all-inclusive sweeping aside of old rights and remedies.

Claimant's exceptions will be overruled.