## SAMUELS v. MUNSON S. S. LINE, Inc.
### No. 6723.

Circuit Court of Appeals, Fifth Circuit.
March 15, 1933.

Lloyd C. Hooks, of Miami, Fla., for appellant and cross-appellee.

L. S. Julian, of Miami, Fla., for appellee and cross-appellant.

Before BRYAN, FOSTER, and HUTCHESON, Circuit Judges.

BRYAN, Circuit Judge.

Appellant Samuels filed a libel in rem against the steamship Walter D. Munson to recover damages for a personal injury sustained while he was at work in the hold of that ship unloading cargo. He alleged that he was injured by a sack of wheat falling on

him from a lift which was being raised above him in the process of unloading; and that his injury was the result of unseaworthiness, in that the lift had no guard rails or other means for preventing part of its load from falling off and causing damage. He further alleged that at the time of the accident he was employed as a stevedore by the Munson Steamship Line, a corporation, owner and operator of the Walter D. Munson; but that, pursuant to provisions of the Longshoremen's and Harbor Workers' Compensation Act, 44 Stat. 1424 (33 USCA § 901 et seq.), he had elected to proceed against the steamship, and had given notice to the Compensation Commission of his election. The libel was dismissed upon exceptions filed by the Munson Line as claimant.

■ Appellant concedes that at the time of his injury the relation of employer and employee existed between the Munson Line and himself, but it is his contention that under section 33 of the act (33 USCA § 933) he had the right at his election to hold the steamship as a third person liable to him in damages. In our opinion the contention is untenable. The term "person," as used in the act, means individual, partnership, corporation, or association. Section 2 of the act (33 USCA § 902). It has been held that a longshoreman in the employ not of the vessel, but of an independent contracting stevedore, has the right under the act to libel the vessel, and it has been sometimes said that in such a case as to the longshoreman the vessel is a third person. The Pacific Pine (D. C.) 31 F.(2d) 152; The Aden Maru (D. C.) 51 F.(2d) 599; The Nicoline Maersk (D. C.) 53 F.(2d) 103. Those cases are not in point, for here the longshoreman's employer was not the contracting stevedore but the owner of the libeled vessel. In our opinion the steamship Walter D. Munson as to its owner the Munson Line was not a third person within the meaning of the act. Under that act the employer is liable for and is required to secure payment to his employee of compensation for disability. Section 4 of the act (33 USCA § 904). Upon securing compensation, the liability of the employer is exclusive of all other liability to the employee. The employee's claim to compensation from his employer is no longer subject to the defenses of contributory negligence, negligence of a fellow servant, and assumption of risk. Section 5 of the act (33 USCA § 905). Payment of compensation into a special fund established in the Treasury of the United States operates as an assignment to the employer of all rights of the employee, but any amount recovered by the employer under such assignment over and above expenses, costs, amount paid as compensation, goes to the employee, or, in case of death, to his legal representative. If the employee elects to recover damages against a third person and recovers less than the amount recoverable as compensation, the employer is liable for the difference, provided that in case of compromise the employer shall agree to the settlement. Section 33 of the act (33 USCA § 933). It thus appears that as between employer and employee the old common-law defenses have been abolished, and compensation provided for injury without regard to the fault of the employee or a fellow servant. The liability under the act of an employer who is also the owner of the ship on which his employee is injured would not be limited as to compensation, as Congress clearly intended, if the employee still has the right at his election to hold the ship liable for indemnity in an action in rem and then proceed against the owner in case the damages recovered are less than the amount provided by the act as compensation. It is obvious that Congress did not have it in mind to declare that a ship was a third person as to its owner in a case of claim for compensation or damages asserted by the ship owner's employee. In such a case the provision entitling the owner, upon paying compensation into the special fund, to an assignment of the employee's right of action against a third person would be valueless to the employer, since he would only have the right to assert a cause of action against his own ship. Collection of damages out of the ship is but an indirect method of collecting damages from the owner or owners; for in case of unseaworthiness the owners would be personally liable for the full amount of the damages, and in other cases they would be liable to the extent of their interest in the ship. The Osceola, 189 U. S. 158, 23 S. Ct. 483, 47 L. Ed. 760. If there were but one owner, he would in every case be liable either directly or indirectly to the extent at least of the value of his ship. The construction contended for by appellant would deprive the ship owner of the right to limit his liability to the compensation provided for by the act, and leave an injured employee free to accept compensation from his employer if he was at fault, or to recover full damages against the employer's ship if he was not at fault. The act, in our opinion, will not bear such a construction.

■ The Munson Line assigns as error an order allowing appellant to prosecute his appeal without furnishing a bond for costs. The error is not well assigned, as it appears

from the record that appellant made oath that because of his poverty he was unable to pay costs or give security.

The decree is affirmed.