### REDERII v. JARKA CORPORATION.

No. 1473.

District Court, D. Maine, S. D.

Feb. 14, 1939.

Nathan W. Thompson, of Portland, Me., for libelant.

Robinson & Richardson and John D. Leddy, all of Portland, Me., for respondent.

PETERS, District Judge.

This matter was heard on exceptions to the libel.

The libel alleges in substance that the libelant is the owner of a steamship which was unloaded at Portland in July, 1936, by the respondent corporation, acting as stevedore under contract with the owner.

During the unloading one of the longshoremen in the employ of the respondent was injured in the hold of the vessel under circumstances which would entitle him to compensation under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq. Instead of proceeding under that Act, however, the employee filed a libel in New York against the vessel to recover damages for his injuries, which resulted in a compromise settlement for the sum of $7500, on account of the payment of which sum, together with costs and expenses of $2393, in defending the suit, the owner has brought this libel in personam against the Jarka Corporation for indemnity or contribution.

The exceptions are based on the assumption that since the passage of the Act, a longshoreman injured in the course of his employment on board a vessel has no right of action against the vessel, but is limited

to the procedure under the Act. The point is made that the payment in settlement of the libel against the vessel was purely voluntary, as the vessel was not liable, and cannot properly be made the basis of any recovery by the owner of the vessel against any other person for contribution.

The language of Section 5, 33 U.S.C.A. § 905, relied upon, is as follows: "The liability of an employer prescribed in Section 4 [section 904 of this chapter] shall be exclusive and in place of all other liability of such employer to the employee, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury * * *."

Section 4, 33 U.S.C.A. § 904, above mentioned refers to compensation which is provided for in the Act for various specified injuries and for death benefit.

■ Prior to the Act the longshoreman had a possible right of action against the vessel, against his immediate employer, or against anyone else claimed to be responsible for injuring him. The change in the law was not intended to reduce his rights but to enlarge them. The Pacific Pine, D. C., 31 F.2d 152; Ross v. Jones, 89 U.S. 576, 22 Wall. 576, 22 L.Ed. 730.

■ The respondent contends that by the terms of the Act its liability for damages on account of an injury is limited to a person proceeding under the Act, and that as this libel is an action for or on account of the injury it cannot be sustained for that reason.

The language of the Act is not appropriate to the meaning respondent argues for. The liability excluded by the language is other liability of the employer to the employee, or anyone standing in his shoes, for damages "on account of such injuries."

This is an action by one, not to recover damages for or on account of the accident, but to recover damages that he had to pay the injured person or on account of the accident to him.

It is alleged to be a case of joint tort feasors, one having paid damages seeking indemnity or contribution from the other.

If the longshoreman's right of action against the vessel was not taken away by the Act he can libel the vessel as before, and an owner of the vessel who is obliged to pay

damages has the same rights and remedies against other persons as he had before the Act was passed.

A case very much in point is Westchester Lighting Company v. Westchester County Small Estates Corporation, 278 N.Y. 175, 15 N.E.2d 567. This case arose under the New York statute which has language nearly identical in this matter with the Federal statute.

Finally, the Act by Sec. 33, 33 U.S.C.A. § 933, recognizes the right of the employee to sue other parties liable.

As to whether the vessel owner is entitled to recover will appear at the trial. I do not think that the Longshoremen's Act is any bar to his action, and the exceptions to the libel are over-ruled.