CALVINO v. PAN–ATLANTIC S. S. CORPORATION et al. (RYAN STEVEDORING CO., Inc., Third Party Defendant).

District Court, S. D. New York.

Oct. 20, 1939.

Herman B. Schell, of New York City, for plaintiff.

Alexander, Ash & Jones, of New York City (Lawson R. Jones and Joseph M. Meehan, both of New York City, of counsel), for third-party defendant Ryan Stevedoring Co., Inc.

Barry, Wainwright, Thacher & Symmers, of New York City (John C. Crawley, of New York City, of counsel), for defendants.

GODDARD, District Judge.

This matter comes before the Court on two motions; one by the Ryan Stevedoring Company, Inc., the third party defendant, and the other by plaintiff, Calvino, both of which substantially amount to motions to dismiss the third-party com-

plaint served under Rule 14 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

The steamship, Bellingham, owned and operated by the Pan-Atlantic Steamship Corporation and the Waterman Steamship Corporation, was being discharged by the Ryan Stevedoring Company, Inc. at Pier 45, North River, and on June 23, 1939, Calvino, a longshoreman employed by the Ryan Stevedoring Company, Inc. fell into one of her holds and was injured. He brought suit against the Pan-Atlantic Steamship Corporation and the Waterman Steamship Corporation for damages alleging that he sustained the injuries as a result of a defective hatch cover. The Pan-Atlantic Steamship Corporation and the Waterman Steamship Corporation obtained an ex-parte order from Judge Clancy to serve a third-party complaint under Rule 14 of the Federal Rules of Civil Procedure, alleging that these companies had engaged the Ryan Stevedoring Company, Inc. to discharge the vessel and that Calvino was its employee at the time of the injury, and that the work being done at the time was under the direction of the Ryan Stevedoring Company, Inc., which was in control of the hatch and the men working around the hatch, and had selected and placed the hatch boards thereon; and if there was any negligence committed in the selection and placing of the hatch boards or otherwise, it was due to the negligence of the Ryan Stevedoring Company, Inc.

The relief demanded in the third-party complaint is that the Ryan Stevedoring Company, Inc. be held liable to the original plaintiff for any damages to which he may be entitled to recover.

The motions made by Calvino and by the Ryan Stevedoring Company, Inc. to dismiss the third-party complaint are made on the ground that the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq., limits the liability to the Ryan Stevedoring Company, Inc. towards the plaintiff, their employee, to the amount of compensation to which he may be entitled, and that § 905 provides that this liability shall be exclusive and in place of any liability at law or in admiralty.

It is clear that as the third-party complaint now stands it should be dismissed, for it seeks to make the Ryan Stevedoring Company, Inc. liable to Calvino for any damages he may recover, and a suit of this character is not permitted under the Longshoremen's & Harbor Workers' Compensation Act.

There is authority for a recovery in the way of recoupment or indemnity by the Steamship Companies against Calvino's employer, the Ryan Stevedoring Company, Inc. See Westchester Lighting Co. v. Westchester County Small Estates Corporation, 278 N.Y. 175, 15 N.E.2d 567; Rederil v. Jarka Corporation, D.C., 26 F. Supp. 304.

Rule 14 of the Federal Rules of Civil Procedure provides that a third-party complaint may be served upon any person who is or may be liable to the original defendant for all or part of the original plaintiff's claim. If the steamship companies are in a position to allege a claim by way of recoupment or indemnity against the Ryan Stevedoring Company, Inc., they will be permitted to do so.

Accordingly, the two motions to dismiss the third-party complaint are granted with leave, however, to the Pan-Atlantic Steamship Corporation and the Waterman Steamship Corporation, to serve an amended third-party complaint within ten days.

Settle order on notice.