**Sarah L. KAZNOSKI, Administratrix of the Estate of Pete Kaznoski, Sr., Deceased, et al.**

v.

**CONSOLIDATION COAL COMPANY et al.**

**Civ. A. No. 70-1322.**

United States District Court,
W. D. Pennsylvania.

Jan. 9, 1974.

---

Kenneth J. Yablonski, Washington, Pa., for plaintiffs.

Harold R. Schmidt, Pittsburgh, Pa., for defendants.

## OPINION

KNOX, District Judge.

This diversity and civil rights action for damages was begun by the widows and dependents of numerous coal miners who were killed in the course of their employment in a mine explosion in West Virginia, the mine being owned and operated by the defendant, Consolidated Coal· Company and supervised by its president, John Corcoran, also a defendant. It is alleged that these widows are receiving payments under the West Virginia Workmen's Compensation Act,

West Virginia Code, Chapter 23. It is further averred in the complaint that the defendants were guilty of negligence and wilful misconduct in the operation and maintenance of the mine including violations of mine safety legislation and regulations and that the explosion resulted therefrom.

The defendant has filed affidavits and moved for summary judgment and judgment on the pleadings averring that the sole remedy of the plaintiffs is under the Workmen's Compensation Act and that this suit is not permissible. In reply, the plaintiffs allege that the West Virginia Workmen's Compensation Act is unconstitutional being in violation of the Fourteenth Amendment and the Civil Rights Act, 42 U.S.C. 1983.

This case has been pending for over three years and determination has been delayed because of assurances of counsel that the case was close to settlement.

■  Initially, it should be observed that West Virginia law applies under the conflicts of law rationale of interest analysis and contacts adopted by the Pennsylvania Courts. See Griffith v. United Airlines, Inc., 416 Pa. 1, 203 A. 2d 796 (1964). Since the most significant contacts in regard to this case all occurred in West Virginia, that state's law will be applied by us.

The Workmen's Compensation Law of West Virginia provides that any employer paying Workmen's Compensation premiums shall not be liable to respond in damages at common law or by statute for injury or death of any employee, however occurring, (23 Article 2, Section 6, West Virginia Compensation laws),[1] other than for an employer's deliberate intentional causing of an employee's death or injury. (23 Article 4, Section 2, West Virginia Compensation laws).[2] See Maynard v. Island Creek

---

1. "Any employer subject to this chapter who shall elect to pay into the workmen's compensation fund the premiums provided by this chapter shall not be liable to respond in damages at common law or by statute for the injury or death of any employee however occurring. . . . "

2. "Notwithstanding anything hereinbefore or hereinafter contained, . . . [i]f injury or death result to any employee *from the deliberate intention of his employer* to produce such injury or death, the employee, the widow, widower, child or dependent of the employee shall have the privilege to take un-

Coal Co., 115 W.Va. 249, 175 S.E. 70 (1934); Bennett v. Buckner, 150 W.Va. 648, 149 S.E.2d 201 (1966).

■ The plaintiffs acknowledge these provisions but deny their validity, stating that since they do not provide for compensation equal to the earnings of their deceased spouses, the provisions therefore are unconstitutional as violative of the due process clause of the Fourteenth Amendment to the United States Constitution. At the argument of this case, plaintiff's counsel specifically disclaimed any reliance upon 23 Article 4, Section 2 relative to injury or death by a deliberate intentional act of the employer. It was stated that there was no evidence that any such act within the meaning of the statute caused these deaths.

The constitutional issue was most recently discussed in Weber v. Aetna Casualty & Surety Co., 406 U.S. 164, 92 S. Ct. 1400, 31 L.Ed.2d 768 (1972) where the Supreme Court said:

" . . . [the] workmen's compensation codes represent outgrowths and modifications of our basic tort law. . . . [They] removed difficult obstacles to recovery in work-related injuries by offering a more certain, though generally *less remunerative,* compensation." (Emphasis ours) 406 U.S. p. 171, 92 S.Ct. p. 1405, p. 777.

The court went on to state that so long as the statutory classification bears some rational relationship to a legitimate state purpose, the constitutional test has been met. The essential inquiry is a dual one: What legitimate state interest does the classification promote? What fundamental personal rights might the classification endanger?

While Weber, supra, may be dictum as regards the present controversy, never-

theless the Supreme Court in Northern P. R. Co. v. Meese, 239 U.S. 614, 36 S. Ct. 223, 60 L.Ed. 467 (1916) held that the loss of one's right to sue where a workmen's compensation statute was in effect was not violative of the Fourteenth Amendment. See also Mountain Timber Co. v. Washington, 243 U.S. 219, 37 S.Ct. 260, 61 L.Ed. 685; New York Central Rr. Co. v. White, 243 U.S. 188, 37 S.Ct. 247, 61 L.Ed. 667, and the same effect, Haynes v. James H. Carr, Inc., 427 F.2d 700 (4th Cir. 1970) holding that Meese, supra, foreclosed any arguments as to the constitutionality of the Workmen's Compensation Acts. As a federal district court, we also must pay proper respect to the pronouncements of the United States Supreme Court.

Thus it becomes apparent in this case that plaintiffs are barred from suit by the Workmen's Compensation Act of West Virginia which is constitutional. Workmen's Compensation, as social economic legislation, had claimants give up their right to a nebulous and uncertain cause of action wherein technical defenses could easily block recovery after protracted litigation, in return for a definite *immediate* recovery without regard to fault and at a lower more acceptable remunerative level than a full lost wage.

■ As for John Corcoran's liability, he is immune from suit as an officer of the corporation under the Workmen's Compensation law 23–2–6a.

■ Since there is no federal constitutional or statutory right violated there can be no action under the Civil Rights Act, 42 U.S.C. 1983, and, in any event, there does not appear to be any state action involved. See Moose Lodge No. 107 v. Irvis, 407 U.S. 163, 92 S.Ct. 1965, 32 L.Ed.2d 627 (1972).

der this chapter, and shall also have cause of action against the employer, as if this chapter had not been enacted, for any excess

of damages over the amount received or receivable under this chapter." (Emphasis added.)