861 F.2d 715
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Thomas V. WALTHALL, Plaintiff-Appellant,
v.
FLETCHER AND SONS, INC. J.B. Eurell Company, Defendant-Appellee.
Thomas V. WALTHALL, Plaintiff-Appellant,
v.
FLETCHER AND SONS, INC.; J.B. Eurell Company, Defendants-Appellees.
 Nos. 88-2010, 88-2033.
 United States Court of Appeals, Fourth Circuit.
 Argued: June 7, 1988.
Decided: Oct. 7, 1988.
 
 James A. Eichner (Granville R. Patrick, Patrick & Watson, on brief), for appellant.
 Ralph Lee Whitt, Jr. (Sands, Anderson, Marks & Miller, on brief); Melissa Jane Warner (James C. Joyce, Jr., Nicholas L. Lampros, Gentry, Locke, Rakes & Moore, on brief), for appellee.
 Before K.K. HALL and CHAPMAN, Circuit Judges, and PAUL V. NIEMEYER, United States District Judge for the District of Maryland, sitting by designation.
 PER CURIAM:
 
 
 1
 Thomas V. Walthall appeals the dismissal pursuant to Fed.R.Civ.P. 12(b)(1), (6), of his personal injury action against his immediate employer, J.B. Eurell Company ("Eurell"), and Fletcher & Sons, Inc. ("Fletcher"), the general contractor. We affirm.
 
 
 2
 On April 17, 1986, Walthall was injured when he fell from a roof while employed by Eurell, the roofing subcontractor on a convention center project in Richmond, Virginia. On June 26, 1986, Walthall was awarded benefits under the Virginia Workers' Compensation Act, based upon the injuries sustained in the fall. Both Fletcher and Eurell were subsequently cited for violations of the Virginia Department of Labor's safety regulations.
 
 
 3
 On October 15, 1987, Walthall instituted this diversity action in the United States District Court for the Eastern District of Virginia, alleging that defendants' failure to provide a safe workplace constituted "reckless acts and omissions evincing a conscious, intentional and utter disregard for the safety of workmen...." The district court dismissed the case against Eurell "for want of subject matter jurisdiction" on December 18, 1987. By order of February 5, 1988, the same court granted Fletcher's motion to dismiss, concluding that "the Virginia Workers' Compensation Act is Walthall's exclusive remedy against Fletcher as well as against Eurell."
 
 
 4
 On appeal, Walthall contends that the "exclusive remedy" provisions of the workers' compensation laws have no application where deliberate violation of a valid police power regulation is involved. Walthall also argues that he was unconstitutionally denied procedural, as well as substantive due process, and a trial by jury. We find no merit to either of these arguments.
 
 
 5
 Walthall's argument that the exclusivity of the Virginia Workers' Compensation Act violates the seventh and fourteenth amendments has been uniformly rejected by the courts. See e.g., Mountain Timber Co. v. State of Washington, 243 U.S. 219, 235 (1917) (seventh amendment); Haynes v. James H. Carr, Inc., 427 F.2d 700, 702 (4th Cir.), cert. denied, 400 U.S. 942 (1970) (citing Northern P. Ry. v. Meese, 239 U.S. 614, 620 (1916)) (fourteenth amendment); Whalen v. Dean Steel Erection Co., Inc., 229 Va. 164, 170-71, 327 S.E.2d 102, 106, appeal dismissed, 474 U.S. 802 (1985) (seventh and fourteenth amendments). Moreover, there are no exceptions to the employer's statutorily created immunity recognized in Virginia either in the language of the Act or by case law. See Joyce v. A.C. and S, Inc., 785 F.2d 1200 (4th Cir.1986).[1] As we noted there, the willful and unlawful violation of a safety statute as alleged here does not amount to actual intention to injure that might be argued to deprive an injury of its accidental character. See also Larson, Workmen's Compensation Law Sec. 68.13 (1983).
 
 
 6
 Accordingly, we affirm the judgment below on the reasoning of the district court. Thomas V. Walthall v. Fletcher & Sons, Inc., C/A 87-0643-R (E.D.Va. February 5, 1988).
 
 
 7
 AFFIRMED.
 
 
 
 [1]
 Walthall's reliance on Mandolitis v. Elkins Industries, Inc., 161 W.Va. 695, 246 S.E.2d 907 (1978), is misplaced. When Mandolitis was decided, West Virginia had expressly established an exception to the exclusive remedy provision where the employer inflicted the injury "with deliberate intent." See, W.Va.Code Secs. 23-4-2, 23-2-6a. In the principal case, Virginia has provided no similar exception to its workers' compensation law. Furthermore, in response to Mandolitis, the West Virginia legislature revised Secs. 23-4-2 and 23-2-6 to significantly narrow the circumstances under which the exception may be applied