LEVA v. UTAH FUEL CO. et al.

No. 3667.   Decided July 1, 1921.   (199 Pac. 659.)

1. CONSTITUTIONAL LAW—PARTY CANNOT ATTACK STATUTE ON WHICH HE RELIES. A party cannot assert a right under a statute and at the same time question its constitutionality.

2. CONSTITUTIONAL LAW—MASTER AND SERVANT—ELECTIVE PROVISIONS OF COMPENSATION ACT VALID. The provision of the Industrial Commission Act (Comp. Laws 1917, § 3133), declaring that, if an employé entitled to compensation be injured or killed by the negligence or wrong of another not in the same employ, such injured employé or his dependents shall before making any suit or claim, elect whether to take compensation under the act or pursue his remedy against such third person, and if the employé or dependents take compensation the cause of action shall be assigned to the state for benefit of the insurance fund, if compensation be payable therefrom, or otherwise to the person liable for the payment of such compensation, etc., is valid, and was not open to attack on the theory

that it impaired the obligation of the contract of employment, in violation of Const. U. S. art. 1, § 10, and Const. Utah, art. 1, § 18, for, aside from the act itself the employé has no right, in case of injury by a third person, to compensation from the employer.

Original proceedings by Charles Leva against the Utah Fuel Company and the Industrial Commission of Utah, to review an order of the Commission denying the claim of petitioner against the fuel company.

ORDER OF COMMISSION AFFIRMED.

*Thos. F. Ashworth,* of Salt Lake City, for plaintiff.

*Ferdinand Ericksen,* of Salt Lake City, for defendant Fuel Co.

*Harvey Cluff,* Atty. Gen., and *John R. Robinson,* Asst. Atty. Gen., for defendant Industrial Commission.

GIDEON, J.

Plaintiff asks a review of the findings and order of the Industrial Commission made upon application by him against the defendant Utah Fuel Company.

Plaintiff was injured on September 11, 1920, while in the employ of the fuel company, which is a self-insurer. Among other things, the Commission found: That the injury was received on September 11, 1920; that on that date the applicant left the mine of defendant company, went to the washhouse, from there under the coal tipple down a path over Price river, and was injured on the right of way of the Denver & Rio Grande Railway Company's track by a switch engine. The Commission also found that the applicant made claim against the railway company for the injuries sustained, and was paid by that company the sum of $1,500; that the injury for which he received compensation from the railway company was the same injury upon which this claim is founded;

that before making claim against the railway company ap-
plicant did not elect whether to take compensation under title
49, Comp. Laws Utah 1917, as amended, or to pursue his rem-
edy against the railway company; that the applicant com-
promised and adjusted his claim against the railway company
for an amount less than the compensation provided for under
title 49, commonly known as the Industrial Commission Act;
that claimant did not have the written approval of the in-
surer to make settlement with the railway company. As con-
clusions, the Commission found that the applicant sustained
injury by the negligence or wrong of another, not his em-
ployer; that he did not comply with section 3133 of title 49
in compromising and adjusting his claim against the railway
company and did so without securing the written consent of
the fuel company. For such reason the Commission was of
the opinion that it had no jurisdiction, and that the claim
should be denied.

Said Section 3133, Comp. Laws 1917, being a part of title
49, reads as follows:

"If an employé entitled to compensation under this title be in-
jured or killed by the negligence or wrong of another not·in the
same employ, such injured employé, or, in case of death, his depend-
ents, shall, before any suit or claim under this title, elect whether
to take compensation under this title or to pursue his remedy
against such other. Such election shall be evidenced in such man-
ner as the Commission may by rule or regulation prescribe. If he
elect to take compensation under this title, the cause of action
against such other shall be assigned to the state for the benefit of
the state insurance fund, if compensation be payable therefrom, and
otherwise to the person or association or corporation liable for the
payment of such compensation, and if he elect to proceed against
such other, the state insurance fund, person, or association, or
corporation, as the case may be, shall contribute only the deficiency,
if any, between the amount of the recovery against such other per-
son actually collected, and the compensation provided or estimated
by this title for such case. Such a cause of action assigned to the
state may be prosecuted or compromised by the Commission. A
compromise of any such cause of action by the employé or his
dependents at an amount less than the compensation provided for
by this title shall be made only with the written approval of the
Commission, if the deficiency of compensation would be payable
from the state insurance fund, and otherwise with the written ap-

proval of the person, association, or corporation liable to pay the same."

It is the contention of the plaintiff that the provisions of the foregoing section denying the right to an injured employé to receive compensation in the event of injury by the negligence or wrong of any one except the employer unless such injured employé complies with other provisions of the section are unconstitutional, as being in contravention of article 1, § 10, of the Constitution of the United States, prohibiting any state from enacting a law impairing the obligations of contracts; also of article 1, § 18, of the state Constitution, relating to the impairment of contracts. In what way or for what reason the section quoted is in conflict with those constitutional provisions is not pointed out, or attempted to be, by counsel for plaintiff. We assume that his theory is, and must be, that plaintiff's right to have an award under the Industrial Commission Act is founded upon contract growing out of his employment, and that the Legislature is without authority to annul or abridge such right. The right of an employé to be awarded compensation under the Industrial Commission Act is not dependent upon the negligence or wrong of his employer. The right is determined by the fact of his employment at the time of the injury, or whether the injury arose in the course of his employment. Moreover, the plaintiff is attacking the constitutionality of the very law under which he claims compensation. This he is not in a position to do. *Swing* v. *Kokomo Steel & W. Co.* (Ind. App.) 125 N. E. 475; *Mellen Lumber Co.* v. *Ind. Com. of Wisconsin,* 154 Wis. 114, 142 N. W. 187, L. R. A. 1916A, 347, Ann. Cas. 1915B, 997. Let it be conceded, however, that by reason of the employment the Industrial Commission Act creates a contractual right of the employé to be awarded a compensation for an injury received from a third person not in any way connected with the employment. It must necessarily follow that the injured employé claiming the right thus assured him must conform to the requirements contained in the act to entitle him to receive the compensation therein provided. In this case the injury is in no way the result of the

negligence or wrong of the employer. The accident did not happen while the plaintiff was upon the premises of the employer. Any right plaintiff could have against his employer must result from a duty imposed upon the employer by the terms of the Industrial Act. That act prescribes the procedure or method by which an award can be made to the injured employé. It is therefore incumbent upon such employé, under facts such as are disclosed by this rec-        2 ord, to comply with the provisions prescribed by which he can obtain relief. The section quoted provides that before any suit or claim is made by a claimant he must elect whether to take compensation under this title or to pursue his remedy against such other. It appears without dispute that the applicant has not brought himself within the provisions of the statute under which he claims.

The Commission was justified in refusing to take jurisdiction, and in refusing to make an award and in denying plaintiff's application. The order of the Commission is therefore affirmed.

CORFMAN, C. J., and WEBER, THURMAN, and FRICK, JJ., concur.