ROBINSON v. INDUSTRIAL COMMISSION et al.

No. 4691.   Decided July 13, 1928.   (269 P. 513.)

*S. P. Armstrong* and *Harry J. Robinson,* both of Salt Lake City, for plaintiff.

*Harvey H. Cluff,* Atty. Gen., and *J. Robert Robinson,* Asst. Atty. Gen., for defendants.

GIDEON, J.

Review of an order of the Industrial Commission.

On June 17, 1926, Mary R. Robinson filed with the Industrial Commission an application for an adjustment of her claim for compensation by reason of the death of her son Leo Robinson. Subsequently the application was amended by claiming compensation for a minor brother of the deceased. Deceased was unmarried. His mother was a widow, and hence his sole heir.

The accident resulting in the death occurred January 8, 1926. The deceased at the time was an employee of the Christensen Construction Company. This company carried insurance with the state insurance fund. The construction company was engaged in repairing the track of the Union Pacific Railroad Company in Morgan county. While so engaged, the Union Pacific Railroad Company undertook to move a pile derrick of its own, in no way connected with the work of the construction company. In so doing, the derrick came in contact with a wire heavily charged with electricity. The wire broke and fell upon the rails on which the deceased was working. The electric current was carried through the rails, causing the death of applicant's son. Thereafter an administrator of his estate was appointed. The administrator brought suit against the Union Pacific Railroad Company to recover for the wrongful death of his intestate. It was held in *Robinson* v. *Union Pacific Railroad Company* (Utah) 261 P. 9, that the administrator could maintain an action against the railroad company under the

facts alleged in the complaint for the wrongful death of his intestate.

A hearing was had before the commission upon the application for compensation on September 8, 1926. Testimony was taken. The commission informed the applicant that no compensation could be awarded unless and until any cause of action against the railroad company by reason of the death of Leo Robinson should be assigned to the insurance carrier, the state insurance fund. No assignment was made. The reason given by the applicant why such assignment could not be made was that an action was then pending against the Union Pacific Railroad Company by the administrator for the benefit of the heirs of the estate. Thereafter, on the 15th day of November, 1927, the Industrial Commission, by resolution, dismissed the application on the ground, as stated in the resolution, that the applicant had elected to proceed by civil action against the railroad company, and had not assigned any cause of action against the railroad company, and was therefore not entitled to receive compensation under the Workmen's Compensation Act (Comp. Laws 1917, §§ 3061-3165). Petition for rehearing was filed and denied. Application was made to this court for a writ of review, and the record has been certified as required by order of this court.

A determination of the rights of the applicant calls for a further consideration of Comp. Laws Utah 1917, § 3133, as amended by chapter 67, Laws Utah 1921. That section as amended reads as follows:

"*Assignment of Cause of Action.*—If an employee under this act be injured or killed while in the course of his employment by another not in the same employment, he or his dependents in case of death, shall be entitled to compensation and to no other remedy unless the employer be subject to the provisions of section 3129 and 3130. No employee or the dependents in case of death shall be granted compensation in such case unless such employee or his dependents, as the case may be, shall assign any cause of action existing against the person responsible for or causing the injury or death to the state insurance fund, if compensation be payable

therefrom, and otherwise to the person or association or corporation liable for the payment of such compensation. And such cause of action is by this section made assignable, whether it be for injury or death, and the dependents or the personal representative and not the heirs in such case shall have the right and power to make a full and exclusive assignment notwithstanding sections 6504 and 6505, Compiled Laws of Utah. 1917."

It will thus be seen that it is specifically provided in the section quoted that, if an employee be killed or injured in the course of his employment by another not in the same employment, he, or his dependents, in case of death, shall be entitled to compensation and to no other remedy, unless the employer be subject to the provisions of sections 3129 and 3130. (It is not necessary to consider the provisions of those sections here.) This, however, upon condition that the employee, or his dependents, in case of death, assign any cause of action existing against the person responsible for or causing the injury or death to the state insurance fund if compensation be payable therefrom or otherwise to the person or association or corporation liable for the payment of such compensation. It is further provided in that section that the dependents or personal representative and not the heirs shall have the right and power to make a full and exclusive assignment, notwithstanding sections 6504 and 6505, Comp. Laws Utah 1917. The language of the section can hardly be claimed to be uncertain or ambiguous. It is provided that "any cause of action existing against the persons responsible for or causing the injury or death" shall be first assigned before the applicant is entitled to compensation under the Workmen's Compensation Law.

This court, in *Leva* v. *Utah Fuel Company,* 58 Utah, 388, 199 P. 659, considered and determined the rights of an employee injured by another, not the employer. The petitioner there, Mr. Leva, was an employee of the Utah Fuel Company. While so employed, he was injured by the D. & R. G. W. Railroad Company. He adjusted his claim for damages against the railroad company without the consent of the

Industrial Commission. He made no assignment of any cause of action, if any he had, against the railroad company to his employer; his employer being a self-insurer. The holding was that Leva had no right or claim against his employer by reason of the negligance or other act of a third person except as such claim or right was given him by the Workmen's Compensation Act, and as a claimant under that act he "must conform to the requirements contained in the act to entitle him to receive the compensation therein provided." So in the instant case, if Mrs. Robinson, the claimant, asks for compensation under the Workmen's Compensation Act, she must first do the things specified in the act as condition precedent to entitle her to claim and receive compensation under that act. That she admittedly has not done.

The action instituted against the railroad company by the administrator of the estate of the decedent was prosecuted under the authority of Comp Laws Utah 1917, § 6505. The action authorized by section 6505 is for the benefit of the heirs, and may be instituted by the heirs or the personal representative of the deceased. The mother being the sole heir, any recovery had in that action would be for her sole and exclusive benfit.

It is, however, argued that the minor brother, Ellsworth Robinson, not being an heir, had no cause of action against the railroad company, and, his dependency having been shown, he nevertheless is entitled to be awarded compensation, regardless of the assignment of the cause of action against the railroad company. The right to claim compensation as a dependent, if the injury is caused by the act of another not connected with the employer or the employment, is by the provisions of the section quoted contingent upon such claimant assigning to the employer or the insurance carrier any cause of action against the party whose acts caused the injury. It apparently was not the intention of the Legislature to compel an employer to pay compensation to an employee injured by the act of another, or to his de-

pendents in the event of death, only on condition that whatever cause of action existed against the third person whose acts resulted in the injury be assigned to the employer, so that he or his insurance carrier should be compensated at least to some extent for whatever amount he was compelled to pay as compensation to the dependents, and not be liable for the acts of another without right or recourse against the party causing the injury.

The language of the statute is:

"No employee or the dependents in case of death shall be granted compensation in such case unless such employee or his dependents, as the case may be, shall assign any cause of action existing against the person responsible for or causing the injury or death. * * * "

Let it be conceded, as it must be, that the minor brother, Ellsworth Robinson, had no cause of action against the railroad company for the death of his brother as heir or otherwise under the facts appearing in this record, nevertheless, under what seems to us the plain intent of the language used by the Legislature, before this minor brother, as a dependent, could be awarded compensation, he must assign any cause of action, not only in his favor, but in favor of every other person against the person, in this case the railroad company, whose acts caused the injury.

No assignment of any cause of action was made by the minor brother, nor was any assignment attempted to be made by him of any cause of action against the railroad company to the State Insurance Fund; hence we are not called upon to determine what right or to what extent such minor brother, as a dependent, might have or could have assigned the cause of action or any cause of action against the railroad company existing in favor of any one.

The order of the commission is affirmed.

THURMAN, CHERRY, STRAUP, AND HANSEN, JJ., concur.