## BRAINARD'S COTTONWOOD DAIRY et al.
## v. INDUSTRIAL COMMISSION et al.

No. 5195.   Decided September 24, 1932.   (14 P. [2d] 212.)

*Bagley, Judd & Ray,* of Salt Lake City, for plaintiffs.

*Geo. P. Parker,* Atty. Gen., and *Willard Hanson,* of Salt Lake City, for defendants.

STRAUP, J.

Milton G. Beck, an employee of Brainard's Cottonwood Dairy, while engaged in the course of his employment delivering milk, was injured and killed by a motor truck driven by L. W. Miller, an employee of Morrison-Merrill & Co., a corporation, not in the same employment with the deceased. Beck left surviving him his widow and minor child. They both were dependents and entitled to compensation under our Workmen's Compensation Act.

Our statute, Comp. Laws Utah 1917, § 3133, as amended by Laws Utah 1921, chap. 67, provides:

"If an employee under this Act be injured or killed while in the course of his employment by another not in the same employment, he or his dependents in case of death, shall be entitled to compensation and to no other remedy unless the employer be subject to the provisions of Section 3129 and 3130 [which sections are not here material]. No employee or the dependents in case of death shall be granted compensation in such case unless such employee or his dependents, as the case may be, shall assign any cause of action existing against the person responsible for or causing the injury or death to the state insurance fund, if compensation be payable therefrom, and otherwise to the person or association or corporation liable for the payment of such compensation. And such cause of action is by this section made assignable, whether it be for injury or death, and the dependents or the personal representative and not the heirs in such case shall have the right and power to make a full and exclusive assignment notwithstanding Sections 6504 and 6505, Compiled Laws of Utah, 1917 [which sections relate to actions for death by wrongful act]."

The minor through his guardian ad litem chose not to claim compensation under Workmen's Compensation Act, and brought an action under section 6505, supra, in the district court for damages against Miller and Morrison-Merrill & Co. for death of the deceased caused by their alleged negligence. The section in such particular provides that, when the death of a person not a minor is caused by the wrongful act or neglect of another, his heirs, or his personal representative for the benefit of his heirs, may maintain an action for damages against the person causing his death, and that, in such case, damages may be given as under all the circumstances of the case may be just. In such action the widow declined to join, and so in accordance with the provisions of Comp. Laws Utah 1917 § 6510, she was made a party defendant. She chose to claim compensation under the Workmen's Compensation Act. She thus in the usual form filed an application for compensation before the Industrial Commission claiming compensation from the dairy company, the employer of the deceased, and its insurance carrier, and prior thereto or simultaneous therewith made a written assignment to the dairy company and its insurance carrier of all her right, title, and interest in and to any and all causes of action which she had or might have against Miller or the Morrison- Merrill & Co. for damages, which assignment the dairy company refused to accept upon the ground that such assignment was ineffectual unless the minor likewise assigned all right, title, and interest in and to any cause or causes of action which he had or might have against Miller and Morrison-Merrill & Co. In such assignment the widow specifically stated that the assignment was made only for and in her behalf, and that it in no way affected and was not intended to affect any right or interest of any heir or dependent of the deceased, and especially not in any way the cause of action brought in the district court by the minor.

The dairy company and its insurance carrier objected to the proceedings before the Industrial Commission on the

ground that the commission was without jurisdiction, in that to confer jurisdiction it was essential that there be an assignment not only by the widow but also by the minor. The objections were overruled, the commission assumed jurisdiction of the cause, heard the evidence—most of the facts of which were stipulated—made findings to the effect that the deceased met his death in the course of his employment by being struck by a motor truck driven by Miller in the service of Morrison-Merrill & Co. and that the deceased left surviving him the applicant who is his widow and a minor child, both of whom were living with the deceased at the time of and prior to his death and were supported and maintained by him; that the deceased was paid a wage of $26.75 a week, working seven days a week; that the widow had assigned her cause of action against Miller and Morrison-Merrill & Co. to the dairy company and its insurance carrier; that the minor had not, who through his guardian ad litem had brought an action in the district court against Miller and Morrison-Merrill & Co. to recover damages for the death of the deceased; and that the widow had elected to claim compenastion under the Workmen's Compensation Act; and that the dairy company and its insurance carrier had declined to accept the assignment made by her. The commission thereupon gave her an award of $14.64 a week for a period of 312 weeks, amounting to about $4,567, and about $200 for burial and other expenses, to review which this proceeding is prosecuted by the dairy company and its insurance carrier.

The only complaint made by them is with respect to the ruling overruling their objections and that the commission was without jurisdiction, on the ground that no assignment of the cause of action against Miller and Morrison-Merrill & Co. was made by the minor. It thus is here urged, as it was before the commission, that where an employee is killed in the course of his employment by another not in the same employment, no dependent, by reason of section 3133, supra, is entitled to compensation as against the employer

or his insurance carrier, unless all of the dependents having a cause of action against the person responsible for the death of the employee, join in the assignment of such cause of action to the employer and his insurance carrier.

To support the contention the petitioners cite and rely on the cases of *Parmley* v. *Pleasant Valley Coal Co.*, 64 Utah 125, 228 P. 577, 562, and *Robinson* v. *Industrial Commission*, 72 Utah 203, 269 P. 513. The Parmley Case involved the statute (Comp. Laws Utah 1917, §§ 6504 and 6505) relating to actions for death by wrongful act. There the plaintiff was en ventre sa mere at the death of the deceased and when the action was brought, October 8, 1900, by the mother and three minor children (not including the plaintiff) to recover damages for the death of the deceased, and when the judgment for $500 was rendered and entered in favor of those who brought the action. Twenty-two days thereafter, or on October 30th, the plaintiff was born. On September 20, 1921, twenty years and about ten months thereafter, the plaintiff by his mother as guardian ad litem, brought an action to recover damages on behalf of and for the plaintiff. The case went off on demurrer on several grounds to the complaint whereupon the action was dismissed. On appeal by the plaintiff the ruling on the demurrer was sustained and the judgment of dismissal affirmed. This court, recognizing a conflict of judicial authorities on the subject, among other things, in substance, stated that under the statute there was but one cause of action for death by wrongful act and but one action could be maintained; that the full value of the life of the deceased is determined whether one, two, or more heirs survive and where the deceased left surviving him minor children the full value of his life is recoverable whether one or a number of such children survive him; that if there are a number, the estate is divided into a greater number of parts and thus each heir must obtain less than if there were but one; that in either event "the heirs are entitled to recover the full amount of damages that may be established in view of the past earn-

ings of the deceased and in further view of his habits and his capability to accumulate property which the heirs may take by succession"; that the omitted heir is not without remedy, and, if damages are recoverable, each heir is entitled to his pro rata share "whether he was a party to the action or not, and, if his share is withheld from him, he may always sustain an action against his coheirs for contribution." However, no holding was made that to sustain the action a joinder of all of the heirs was necessary as is the case in some jurisdictions.

We do not see anything in the Parmley Case which here aids the claim of the petitioners. The argument is that since an action by the minor was brought in the district court for the death of the deceased and under the decision in the Parmley Case the full value of the life of the deceased is recoverable in such action for the benefit of all the heirs including the widow, and if recovery is had in that action and her share of the recovery awarded or distributed to her and if she is permitted to also take compensation under the Workmen's Compensation Act, she is given double compensation . But not so. She assigned her cause of action to the dairy company and its insurance carrier, as under the statute she could lawfully do, which, had it been accepted, her assignees were entitled to be subrogated to her rights in and to the action brought against those responsible for the death of the deceased and to share in whatever recovery may therein be had.

The petitioners, however, more directly rely on the case of *Robinson* v. *Industrial Commission,* supra. In that case Leo Robinson was killed through the alleged negligence of the Union Pacific Railroad Company while he was in the course of his employment as an employee of a construction company. He left surviving him a widowed mother and a dependent minor brother. He was unmarried and thus his mother was his sole heir. William E. Robinson, administrator of the estate of the de-

ceased, in pursuance of section 6505, supra, brought an action in the district court against the railroad company for damages for the death of his intestate. It there was contended that the remedy provided for by section 3133, supra, of the Workmen's Compensation Act was exclusive. We, in *Robinson* v. *Union Pacific R. R. Co.*, 70 Utah 441, 261 P. 9, held to the contrary and that where the death of an employee in the course of his employment was caused by another not in the same employment, the heirs and dependents had an election to apply for compensation under the Workmen's Compensation Act or in their own name or through a personal representative for their benefit to prosecute an action against the person responsible for the death. There, notwithstanding the action by the administrator, the mother also filed an application for compensation before the Industrial Commission under the Workmen's Compensation Act which application later was amended to claim compensation for the minor brother who was not an heir but a dependent. A hearing was had as to the right of compensation on behalf of the minor brother against the employer, the construction company, and its insurance carrier. No assignment by the brother or by the mother was made to the construction company or its insurance carrier of any cause of action against the railroad company. In bringing the action against the person alleged to be responsible for the death, no assignment was required either by the heir or heirs or by the personal representative. An assignment only is necessary when compensation is claimed from the employer or his insurance carrier. The brother to be entitled to compensation thus was required under section 3133, supra, to make an assignment to the employer or his insurance carrier of whatever cause of action he might have had against the person responsible for the death. Not any assignment having been made by him, the commission denied him compensation. From that ruling he prosecuted a review to this court. The ruling was affirmed. *Robinson* v. *Industrial Commission*, 72 Utah 203, 269 P. 513, 515. The

petitioners here to support their contention especially point to this language contained in the opinion in that case:

"Let it be conceded, as it must be, that the minor brother, Ellsworth Robinson, had no cause of action against the railroad company for the death of his brother as heir or otherwise under the facts appearing in this record, nevertheless, under what seems to us the plain intent of the language used by the Legislature, before this minor brother, as a dependent, could be awarded compensation, he must assign any cause of action, not only in his favor, but in favor of every other person against the person, in this case the railroad company, whose acts caused the injury."

Because of such language, it is here contended that, to entitle the widow to compensation under the Workmen's Compensation Act, it was not only essential that she make an assignment to the dairy company and its insurance carrier, but that she was required to also procure such an assignment from the minor. While the language lends some support to the contention, yet we think no such result was intended.

If, by the phrase, "he [the minor brother] must assign any cause of action, not only in his favor, but in favor of every other person against the person" whose acts caused the injury, such a result was intended, it is difficult to understand how the minor brother who was not an heir of the deceased could procure an assignment of the mother who was the sole heir and for whose benefit the action was commenced and which was pending in the district court to recover damages against the person alleged to be responsible for the death and in which action the minor brother had no interest and could not lawfully share in whatever recovery was had therein. The mother as the sole heir had an election in her own name or through the appointment of a personal representative to prosecute an action against the person responsible for the death, or to claim compensation from the employer and his insurance carrier under the Workmen's Compensation Act. Whether she elected to do the one or the other was her election. The minor

brother had no control whatever over that. If, as is contended, the stated result was intended, then the brother, not an heir but a dependent, and though he had made an assignment of whatever cause of action, if any, he may have had against the person responsible for the death, and because of the election made by the mother over which he had no control no assignment could be had from her, it follows that the dependent brother would be denied all remedy of a right to which he under the Workmen's Compensation Act was entitled. We think no such result was intended. If so, then what in such respect was stated in the opinion was unnecessary and gratuitous. To affirm the ruling of the commission it was quite enough to hold, as this court did, that the dependent brother was not entitled to compensation because of his failure to make an assignment of whatever cause of action, if any, he had against the person responsible for the death. Such too, as we think, is apparent from language used in the paragraph immediately following that just referred to and where it was further stated:

"No assignment of any cause of action was made by the minor brother, nor was any assignment attempted to be made by him of any cause of action against the railroad company to the State Insurance Fund; hence we are not called upon to determine what right or to what extent such minor brother, as a dependent, might have or could have assigned the cause of action or any cause of action against the railroad company existing in favor of any one."

We thus are of the opinion that the Robinson Case so strongly relied on does not control the matter in hand. Here both the widow and the minor were heirs and dependents. Both had an election to prosecute an action against the person responsible for the death or to apply for compensation under the Workmen's Compensation Act. To do the one required no assignment; the other did. The question thus is, may the one heir and dependent be controlled by the other, or more directly speaking is the election by one binding and controlling on the other. No claim is

made that the minor by guardian ad litem had not the right without making an assignment to maintain an action against the person responsible for the death. What is claimed is that the widow may not claim or be awarded compensation under the Workmen's Compensation Act, without assigning not only her cause of action but also procuring that of the minor.

The actions provided for by section 6505, supra, and by section 3133, supra, are two separate and distinct statutory actions. The mother in no way represented the minor either as guardian or in any legal capacity, or as prochein ami, nor did she in any sense appear or act for him. No settlement or release which she might make of any compensation awarded to her under the Workmen's Compensation Act could bar or defeat any action brought by the minor through a legal representative against those responsible for the death of the deceased, nor could the minor by bringing such an action destroy any claim of the mother under the Workmen's Compensation Act any more than she when not acting for the minor could destroy his right under the statute in an action against those responsible for the death of the deceased or with respect to any right which the minor had to compensation under the Workmen's Compensation Act. While our attention has not been called to any case directly in point, yet in principle we think the proposition as just stated is well supported by judicial authority. *In re Cahill* v. *Terry & Tench Co.*, 173 App. Div. 418, 159 N. Y. S. 1060; *McGuigan* v. *Allen*, 165 Minn. 390, 206 N. W. 714; *Haynes* v. *Bernhard* (Tex. Civ. App.) 268 S. W. 509; *Lengle et al.* v. *North Lebanon Tp.*, 274 Pa. 51, 117 A. 403; *Chicago, B. & Q. R. Co.* v. *Wymore*, 40 Neb. 645, 58 N. W. 1120; *Pittsburg, C., C. & St. Louis Ry. Co.* v. *Moore*, 152 Ind. 345, 53 N. E. 290, 44 L. R. A. 638.

Other cases are cited where a widow or heir was permitted to maintain an action against those responsible for the death of the deceased notwithstanding compensation

was paid them in pursuance of the Workmen's Compensation Act. They proceed on the theory that a person negligently injuring another is required to pay the full amount of damages for which he is legally liable, without deduction for compensation which the injured person may receive from another source which has no connection with the negligence, whether that source is a claim for compensation against his employer, a policy of insurance against accident, a life insurance policy, or a benefit fund. We think that true so far as concerns the amount of recovery in an action brought against a third person whether by the injured person or in case of his death by his personal representative or by his heirs or by those subrogated to his rights by assignment or otherwise. In either event the third person is legally liable for the full amount of damages caused by his negligence or wrong. He is concerned only as to whom the amount of recovery is to be paid and that whatever judgment is rendered is a bar to any further recovery against him. However, under our statute, in case of injury or death of an employee by the negilgence or wrongful act of a third person not in the same employment, to entitle the employee or in case of his death his dependents to claim and receive compensation from the employer or his insurance carrier, an assignment by those claiming such compensation to the employer or his insurance carrier of the cause of action against such third person is a prerequisite, which, when made and the compensation awarded paid or secured, entitles the assignee to be subrogated to the rights of the assignor or assignors in the maintenance and prosecution of the action against such third person and to participate in whatever amount is recovered therein. It having been held in the Parmley Case that an action brought by one or more heirs for the death of one by wrongful act, the full value of the life of the deceased is recoverable in that action for the benefit of all having an interest therein, it follows that had the dairy company or its insurance carrier accepted the assignment

of the widow and paid or secured the award of compensation, the assignee would have been entitled to be subrogated to her rights and to the extent of her distributive share to participate in the amount of the recovery in the action against such third person; whether only to the amount paid her or secured by the assignee, including interest and costs, and yielding the excess, if any, of her distributive share to her, or whether to the whole of her distributive share though in excess of what was so paid her—a proposition concerning which there is some conflict in the authorities—is not now before us nor decided.

Whether on an affirmance of the award the petitioners are still entitled to accept the assignment heretofore rejected by them and entitled to be subrogated to the rights of the widow we likewise do not now decide.

Thus, let the award made by the commission be affirmed with costs to the defendants.  Such is the order.

CHERRY, C. J., and ELIAS HANSEN, FOLLAND, and EPHRAIM HANSON, JJ., concur.