## SALT LAKE CITY v. INDUSTRIAL COMMISSION et al.

No. 5189.   Decided December 20, 1932.   (17 P. [2d] 239.)

*Fisher Harris,* City Attorney, *Wm. A. Fraser* and *Grant Macfarlane,* Deputy City Attorneys, all of Salt Lake City, for plaintiff.

*Geo. P. Parker,* Attorney General, and *James Devine* and *R. L. Beezley,* both of Salt Lake City, for defendants.

## ELIAS HANSEN, J.

The Industrial Commission of Utah awarded compensation to the defendant J. W. Carlson payable by Salt Lake City. The city seeks an annulment of the award upon the following grounds: (1) That Mr. Carlson did not make a valid assignment of his cause of action against Pat Barrutia before he filed his application for compensation; (2) that the city became relieved of all liability on account of the injury to Mr. Carlson, because, prior to filing his application for compensation, he elected his remedy by bringing an action against P. Barrutia to recover for the injury for which compensation was awarded. There is no dispute as to the facts. They are as follows: On December 19, 1929, while engaged in the performance of his duties as a patrolman for Salt Lake City, Mr. Carlson was struck by an automobile operated by Pat Barrutia. As a result of the accident Mr. Carlson sustained a badly bruised and dislocated left shoulder, his nose was broken in two places, his left eye was temporarily closed, he was bruised on the legs and body, and suffered a nervous shock. After his injury he was taken to a hospital and there received treatment. On May 10, 1930, he had sufficiently recovered from his injury so he was able to return to his duties and perform light work. During the time that Mr. Carlson was recovering from his injury, the city continued to pay him his regular salary and to provide him with hospitalization and medical treatment. Under date of April 29, 1930, the city reported to the commission that it had paid Mr. Carlson compensation by keeping him on the pay roll and had also paid hospital expenses for March and April, 1930, in the sum of $113.50. Under date of October 30, 1930, the city rendered to the commission what is designated as a "final report of injury and statement of total losses." In that report it is stated that the city has paid "compensation, total payments kept on payroll full time. * * * Medical-Surgical Expense $50.00, * * * Hospital Expenses $424.50, Miscellaneous massage treatments, dentist $50.00. * * * Grand Total (Final

Settlement) $524.50." On April 24, 1930, Mr. Carlson brought an action in the district court of Salt Lake County against Mr. Barrutia. By the action thus commenced, Mr. Carlson sought to recover for the injury which he sustained by being struck by the automobile driven by Mr. Barrutia. In his answer Mr. Barrutia interposed as one of his defenses to the action that Mr. Carlson was estopped and barred from maintaining his action because he had accepted compensation from Salt Lake City on account of the injury complained of and thereby had elected his remedy. On December 1, 1930, the case of Carlson against Barrutia came on regularly for trial. A jury was empaneled to try the cause and the trial continued from day to day until December 4, 1930, when, upon motion of counsel for plaintiff, the action was dismissed without prejudice.

On December 12, 1930, Mr. Carlson executed what he designated as an "assignment of cause of action." The assignment so executed reads as follows:

"Know all men by these presents:

"That I, J. W. Carlson, in consideration of the payment to me of the sum or sums of money due me under and in accordance with the provisions of the State Industrial Act of Utah, (which is title 49, 660, Compiled Laws of Utah, 1917, as amended) as compensation by The State Insurance Fund on account of injury sustained by me on December 19th, 1929, which was caused by accident arising out of or in the course of the employment as an employee of Salt Lake City Corporation do hereby sell, transfer, and deliver, unto Salt Lake City Corporation, to its own proper use and benefit, any and all sums of money due or owing to me, and all claims, demands and cause or causes of action of any kind whatsoever, which I have had, or now have, or may have against Pat Barrutia or Salt Lake City Corporation by reason and on account of the personal injury suffered by me on December 19th, 1929, while in the course of my employment as an employee of Salt Lake City Corporation as a result of certain acts on the part of Pat Barrutia as provided by law.

"I hereby constitute and appoint, William M. Knerr, O. F. McShane and Henry N. Hayes, the duly appointed, qualified and acting members of the State Industrial Commission of Utah, my true and lawful attorney and attorneys, with full power of substitution and revocation for me and in my name, but for the sole use of the said

State Insurance Fund to ask, demand, sue for, collect, receive, compound and give acquittances for the said claim or claims, or any part thereof.

"This assignment is made in pursuance of the provisions of the State Industrial Act of Utah, which is Section 3133 of the Compiled Laws of Utah 1917, as amended.

"In witness whereof, I have hereunto set my hand and seal this 12th day of December 1930.

"[Signed] J. W. Carlson."

On December 13, 1930, Mr. Carlson filed with the commission an application for adjustment of his claim for compensation. The "assignment of cause of action" executed by Mr. Carlson on December 12th was also filed with the commission on December 13, 1930. On January 9, 1931, Salt Lake City filed with the commission an answer to Mr. Carlson's application. In its answer the city alleged that Pat Barrutia was not in its employ at the time of the accident which caused the injury to the applicant; that Mr. Carlson had failed, neglected, and refused to assign to the city his cause of action against Barrutia; and that Carlson had waived his right to compensation by commencing an action to recover from Barrutia for the injury for which he sought compensation from the city. On January 10, 1931, Mr. Carlson executed another assignment to Salt Lake City of his cause of action against Barrutia. That assignment was filed with the commission on January 13, 1931. Pursuant to notice given to the parties interested a hearing was had on January 23, 1931, before the commission on Mr. Carlson's application for compensation. At that hearing evidence was offered which tended to show that, as a result of his injury, Mr. Carlson had sustained a functional loss of not less than 50 per cent of the use of his left arm at the shoulder. The original records filed in the action brought by Mr. Carlson against Mr. Barrutia were offered and received in evidence. It was also made to appear that Salt Lake City was at the time complained of a self-insurer subject to provisions of the Industrial Act of this state; that Mr. Carlson was injured while in the performance of his

duties as an employee of the city; that he was injured by being run into by Pat Barrutia who was not an employee of the city; that the city paid to Mr. Carlson his regular wages during the time he was incapacitated from performing his duties; and also that the city paid the medical and hospital expenses incurred during the period Mr. Carlson was being treated for his injury. There is no evidence in the record that the city at any time requested Mr. Carlson to assign to it his claim against Barrutia.

It was on facts thus established by the evidence that the commission based its award of compensation to Mr. Carlson of 50 per cent loss of the function of his right arm at the shoulder. From the amount so arrived at the commission deducted the sum which Mr. Carlson was paid as wages during the time he was unable to work on account of his injury and awarded his compensation accordingly. The provisions of the Industrial Act which the city relies upon to defeat Mr. Carlson's right to compensation are contained in chapter 67, § 3133, p. 176, Laws Utah 1921. It is there provided:

"If an employee under this Act be injured or killed while in the course of his employment by another not in the same employment, he or his dependents in case of death, shall be entitled to compensation and to no other remedy unless the employer be subject to the provisions of Section 3129 and 3130. No employee or the dependents in case of death shall be granted compensation in such case unless such employee or his dependents, as the case may be, shall assign any cause of action existing against the person responsible for or causing the injury or death to the state insurance fund, if compensation be payable therefrom, and otherwise to the person or association or corporation liable for the payment of such compensation. And such cause of action is by this section made assignable, whether it be for injury or death, and the dependents or the personal representative and not the heirs in such case shall have the right and power to make a full and exclusive assignment notwithstanding Sections 6504 and 6505, Compiled Laws of Utah, 1917."

Counsel for the plaintiff have directed our attention to the construction given by this court to the foregoing section

of the Industrial Act in the cases of *Robinson* v. *Union Pacific R. Co.*, 70 Utah 441, 261 P. 9, and *Robinson* v. *Industrial Commission*, 72 Utah 203, 269 P. 513. In the former case it was held that the dependents of an employee who was killed in the course of his employment by the act of a third party may assert his common-law right of action against the wrongdoer. In the latter case it was held that the dependents of an employee who was killed in the course of his employment by the act of a third party are not entitled to compensation under the Industrial Act until they assign their cause of action against the wrongdoer to the person, association, or corporation liable for the payment of compensation. The instant case does not bring it within the rule of law announced in those cases. The evidence in this case shows that Mr. Carlson executed two assignments to Salt Lake City of his cause of action against Barrutia. One assignment was executed before and the other after Mr. Carlson filed his application for compensation. It is contended on behalf of the city that the first assignment was a nullity because, by it, Mr. Carlson assigned his cause of action against Mr. Barrutia to Salt Lake City and to the Industrial Commission for the sole use of the state insurance fund. The form of the second assignment was not questioned by the city. It is urged the second assignment cannot aid the application because it was executed after the application was filed with the commission. It is also urged that at the time the second assignment was executed any claim that Mr. Carlson had against Mr. Barrutia was barred by the provisions of subdivision 1 of section 6468, Comp. Laws Utah 1917. The fact that there is some inconsistency in the language used in the first assignment as to whom Mr. Carlson intended to assign his claim against Mr. Barrutia does not render the assignment a nullity. It is clear that Mr. Carlson assigned his cause of action and that he intended to assign it to whoever was liable for the payment of compensation. Apparently the confusion in designating the assignee was due to the erro-

neous assumption that Salt Lake City carried liability insurance with the state insurance fund. There is no merit to the contention that the cause of action against Barrutia was barred by the statute of limitations at the time the second assignment was executed. The fact that a cause of action is made assignable by a statutory enactment does not make the cause so assigned a liability created by statute. The liability remained the same after the assignment was executed. The only effect of the assignment was to transfer to the assignee the right to maintain the action which right had theretofore been in the assignor. An action for a personal injury is not barred by the statute of limitations until the expiration of four years. Comp. Laws Utah 1917, § 6474; *Thomas* v. *Union Pacific R. Co.*, 1 Utah 235.

It is next urged on behalf of the city that Mr. Carlson made an irrevocable election of his remedy to recover for his injury by beginning his action against Mr. Barrutia. That having commenced such an action he is barred of his right to enforce compensation under the Industrial Act. The law applicable to the election of remedies is thus stated in 9 R. C. L., p. 960:

"An election of a remedy which has the effect of an estoppel in pais or an estoppel by record, in that class of cases in which the remedies are really inconsistent, is generally considered made when an action has been commenced on one of such remedies. Some courts go as far as to say that in such cases the choice of a remedy once made cannot be withdrawn or reconsidered though no advantage has been gained nor injury done by the choice, and no injury would be done by setting the choice aside. But the more reasonable rule is that the mere bringing of an action which has been dismissed before judgment, and in which no element of estoppel in pais has arisen, that is, where no advantage has been gained or no detriment has been occasioned, is not an election."

To the same effect is the statement of law in 20 C. J. 29-32, and cases cited in the footnotes. While there is some conflict in the adjudicated cases as to the effect of the mere commencement of an action, the authorities are quite generally agreed that it is the first decisive

act of election that is binding and that subsequent acts may not be said to constitute an election. Thus it is said in 20 C. J. 34, 35:

"The doctrine of election of remedies applies to the first decisive act of election, and makes it a defense to the prosecution of a second inconsistent suit or remedy. Having once elected by some decisive act, the commencement of a subsequent action cannot operate as an election of remedies so as to preclude the prosecution of the prior action, especially where there is no inconsistency between the former act or suit and the subsequent action."

As heretofore pointed out in this opinion the city paid Mr. Carlson his wages during the time he was incapacitated and reported to the commission that his wages were paid as compensation. While it was urged at the time of the oral argument that the payments of wages were made gratuitously, there is no evidence to support that argument. Moreover, the city insists that, if Mr. Carlson is to be awarded compensation, the city should be credited with the money paid to him by having the same deducted from the award. As already stated in this opinion, that is what the commission did when it made the award. The acceptance by Mr. Carlson of his wages as a payment of compensation constituted such a decisive act of election as would preclude him from recovering, for his own use, from Mr. Barrutia the money paid as compensation especially if Mr. Carlson knew at the time the city paid him his wages that it was paid as compensation. Nor is it by any means clear that the bringing of the action by Mr. Carlson against Mr. Barrutia was inconsistent with Mr. Carlson's claim against the city for compensation. One of the obvious purposes of the Legislature in enacting section 3133, chap. 67, p. 176, Laws Utah 1921, was to enable the person, association, or corporation liable for the payment of compensation to an employee who has been injured by a third party to recover from the wrongdoer money paid out to the injured employee as compensation. Thus the provisions of that act were intended for the benefit of the person, association, or

corporation liable for the payment of compensation. Under the act, a party rendered liable for the payment of compensation to an employee injured by a third person may, if he so chooses, waive the right to an assignment of the cause of action against the wrongdoer. And, likewise, a party so rendered liable may by his conduct be estopped from resisting the payment of compensation upon the ground that no assignment of the cause of action against the wrongdoer has been executed. In the instant case the city assumed liability for the payment of compensation to Mr. Carlson long before he brought his action against Mr. Barrutia. While the city had a right to demand and require that Mr. Carlson assign his cause of action against Mr. Barrutia before he was paid compensation, so far as appears, the city has never made any such demand or requirement. Apparently the city regarded the cause of action against Mr. Barrutia of little or no value, otherwise it would have requested the same be assigned to it before it assumed liability for the injury which Mr. Carlson sustained. This court is committed to the doctrine that an action may be maintained in the name of an employee who has been injured by the act of a third person even though such employee has accepted compensation from his employer or his insurance carrier, provided such employee has not assigned his cause of action. In case of a recovery the employer or his insurance carrier is entitled to be reimbursed for any compensation which may have been paid to the employee. *Industrial Commission of Utah et al.* v. *Wasatch Grading Co.* (Utah) 14 P. (2d) 988. It is an open question in this jurisdiction as to who is entitled (in the event a recovery is had against a wrongdoer) to any surplus that may remain after the employer and insurance carrier have been fully reimbursed for money that they may have paid as compensation. That question is not directly involved in this proceeding, and, therefore, we express no opinion concerning the same. It may be noted, however, that, if an injured employee is entitled (as is held in a number of juris-

dictions) to any surplus that may remain as a result of a proceeding against a wrongdoer, after the employer and insurance carrier have been reimbursed for money paid as compensation, then and in such case the employee has an interest in the action and his effort to prosecute the action may not be said to be inconsistent with his claim for compensation under the Industrial Act. But aside from that question, the city is in no position to invoke the rule that Mr. Carlson elected his remedy by bringing the action against Mr. Barrutia. It assumed liability when it paid compensation in the form of wages to Mr. Carlson. In the absence of a request that the cause of action be assigned, the city may not be heard to complain because the cause of action was not assigned at an earlier date. Nor can it be said upon this record that the city sustained any injury because Mr. Carlson commenced an action against Mr. Barrutia.

The action was dismissed without prejudice. The city had three years after the cause of action was assigned to it in which to bring another action. The city is not without fault in being placed in its present position. The award is affirmed with costs.

STRAUP, FOLLAND, and EPHRAIM HANSON, JJ., concur.

CHERRY, C. J.

I concur in the result.