## HAMILTON v. COMMISSION OF FINANCE et al.

No. 6698. Decided October 23, 1945. (162 P. 2d 758.)

See 43 C. J. S., Municipal Corporations, sec. 1499; 40 Am. Jur., 975.

*Willard Hanson, Stewart H. Hanson,* and *D. N. Straup,* all of Salt Lake City, for plaintiff.

*Grover A. Giles,* Atty. Gen., and *W. S. Wagstaff,* Deputy Atty. Gen., for defendants.

TURNER, Justice.

This case is before us on certiorari to the Commission of Finance of the State of Utah. The Commission made an award to plaintiffs from the Fireman's Pension Fund of $19.20 a week for 312 weeks, as provided by law, but deferred the commencement of the payments until June 10, 1949, which would be the date on which payments would cease provided an award had been made by the Industrial Commission under the Workmen's Compensation Act. It is this action that plaintiffs ask to be reviewed and reversed.

Paul Hamilton was killed in the performance of his duty as a paid fireman in the employ of Salt Lake City on June 10, 1943. Sec. 42-1-58, U. C. A. 1943, provides that:

"When any injury for which compensation is payable under this title shall have been caused by the wrongful act of another person not in the same employment, the injured employee, or in case of death his dependents, *may at their option claim compensation under this title or have their action for damages against such third person.*"

and then provides for the subrogation of the employer or insurance carrier to the rights of the injured or deceased person against such third party in the event an award is made by the Industrial Commission. Plaintiffs entered into a contract with Salt Lake City in which they elected to pursue their remedy against the American La France Foamite Corporation on the theory of negligence in that the company sold to the city of its use in the fire department a defective

ladder which buckled while Hamilton was on it, throwing him violently to the ground, causing his death. As the result of suit instituted against this company in the United States District Court for the District of Utah, plaintiffs were paid in full settlement for the death of their husband and father the sum of $15,500. In their agreement the city contracted to pay to plaintiffs, in the event they recovered less than $6,000 from the company, the difference between such amount and $6,000, and in the event no recovery was had, to pay plaintifs $6,000 in payments of $100 a month. No application was ever filed nor any proceedings whatever had before the Industrial Commission.

Sec. 42-4-8, U. C. A. 1943, provides, in part:

"Where the commission of finance, pursuant to this section, has ordered payments from the firemen's pension fund to a surviving wife and/or children of a deceased fireman, and if an award has also been made by the industrial commission under Chapter 1 of this title to any such surviving wife and/or children *then the payments to be made pursuant to this section from the firemen's pension fund shall not commence until such other payments shall cease, at which time the payments made pursuant to this section from the firemen's pension fund shall commence.*" (Italics added.)

In granting the award to plaintiffs under the Fireman's Pension Fund, the Commission construed the contract between plaintiffs and Salt Lake City as being "equivalent" to an award from the Industrial Commission, and in view of the provisions above quoted, deferred the payments from the Fund until such time (June 10, 1949) as the payments under the Workmen's Compensation Act would have ceased.

We cannot support the Commission in such action. The contract was not equivalent to an award by the Industrial Commission, nor was it even in lieu of such an award. It was clearly an election by plaintiffs, of their alternate remedy of pursuing an action for damages against the third party wrongdoer, and the Commission should have ordered the payments under the Fireman's Pension Fund to commence immediately. *Brainard's Cottonwood Dairy et al.* v. *Industrial Commission,* 80 Utah 159, 14 P. 2d 212, 88 A. L. R.

659; *Industrial Commission* v. *Wasatch Grading Co.*, 80 Utah 223, 14 P. 2d 988; *Salt Lake City* v. *Industrial Commission*, 81 Utah 213, 17 P. 2d 239.

The Commission's decision in this respect is reversed.

LARSON, C. J., and McDONOUGH, WADE, and WOLFE, JJ., concur.