182

380 P.2d 926

**Lee R. BARTON, Plaintiff and Respondent,**

v.

**Dick CARSON, d/b/a Carson Trucking Company, et al., Defendants and Appellants.**

No. 9720.

Supreme Court of Utah.

April 23, 1963.

Hanson & Baldwin, Salt Lake City, for appellants.

Kipp & Charlier, Paul G. Grant, Salt Lake City, for respondent.

HENRIOD, Chief Justice.

This is an appeal from a judgment denying a motion to strike a memorandum of costs filed and served by plaintiff. Affirmed. Costs to plaintiff.

A verified memorandum was filed with the court and a copy served on defendant within the time required under

Rule 54(d) (2), Utah Rules of Civil Procedure. The copy served on defendant did not show any verification. The rule provides that one claiming costs "must * * * serve upon the adverse party * * * and file with the court *a* verified memorandum of the items * * *."

Defendant points out that prior to promulgation of the Rules, the statute [1] required only service of a copy of the memorandum. It is urged that change of the language to that now found in Rule 54(d) (2), under principles of statutory construction, compels the conclusion that each word and phrase should be accorded a reasonable and logical meaning.[2] We agree with this general principle. It could be argued, however, that, applying the principle, the language calls for only *one* verified memorandum to be *served* on the opposing party, then taken back and *filed* with the court, if the rule contemplates a chronology of *service* followed by *filing* of *one* verified memorandum. The test includes not only the reasonableness of the words and phrases used, but of the reasonableness of the purpose and application of the rule itself. The words used may not have lent themselves to purity of articulation, but they are reflective of the intent of the rule.

Here we have two firms of attorneys in the same city. A telephone call to the clerk, or a personal examination, could have determined the fact of verification, and absent that, no advantage should be taken of a highly technical play upon words of a rule that can be interpreted in more than one way. We think that the framers of the rule did not have in mind the necessity of verification of every memorandum of costs that may of necessity in many cases require service on many plaintiffs or defendants, but only as to that which is filed in the permanent repository of such a document,—the court itself,—in order officially to preserve and possibly test the veracity of the author of the document and its contents purporting to express a true itemization of costs.

In order to eliminate any doubt as to the meaning and intent of Rule 54(d) (2) the pertinent part in issue here is amended to read as follows:

"The party who claims his costs must within five days after the entry of judgment serve upon the adverse party against whom costs are claimed, a copy of a memorandum of the items of his costs and necessary disbursements in the action, and file with the court a like memorandum thereof duly verified * * *."

McDONOUGH, CALLISTER, CROCKETT and WADE, JJ., concur.

1. Title 104–44–14, Utah Code Annotated 1943.

2. Robinson v. Union Pac. RR. Co., 70 Utah 441, 261 P. 9 (1927).